**UNITED STATES v. TURNER DAIRY CO.**

**No. 9014.**

Circuit Court of Appeals, Seventh Circuit.
June 20, 1947.

Rehearing Denied Aug. 7, 1947.

Myer H. Gladstone and Ralph J. Gutgsell, both of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., of Chicago, Ill., James A. Doyle, Sp. Asst. to Atty. Gen., Katherine A. Markwell, Atty., Department of Agriculture, of Washington, D. C., John F. Sonnett, Asst. Atty. Gen., John Ford Baecher and J. Stephen Doyle, Jr., Special Assts. to Atty. Gen., and John P. Lulinski, Asst. U. S. Atty., of Chicago, Ill., for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

This is an appeal from a summary judgment entered September 28, 1945, mandatorily enjoining appellant to pay the sum of $24,317 to the Market Administrator for deposit in the Producer-settlement Fund established pursuant to the provisions of the Agricultural Marketing Agreement Act.

This case is another in the series of those involving various aspects of the operation of the Act, 7 U.S.C.A. § 601 et seq., and the orders promulgated by the Secretary of Agriculture for various Milk Marketing Areas. The general scheme of the Act and its operations have been before the Supreme Court in a number of cases: United States v. Rock Royal Co-op., 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446; Hood & Sons v. United States, 307 U.S. 588, 59 S.Ct. 1019, 83 L.Ed. 1478; Stark v. Wickard, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733; United States v. Wrightwood Dairy Co., 315 U.S. 110, 62 S.Ct. 523, 86 L.Ed. 726; United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207. The last two involved the same order as is here involved, No. 41, and fully sustained its validity and the authority of the Secretary of Agriculture operating thereunder.

The question presented by this appeal is whether the court had jurisdiction, after the entry of an order compelling appellant to produce its books and records, to enter judgment·ordering it to pay the amount

found due as a result of the examination of those books and records, or whether such relief unduly enlarged the scope of the relief prayed for in the original bill of complaint.

Order No. 41 has been described in detail in the cases referred to. We will say here only that it sets up an elaborate system for classifying milk received and distributed by handlers according to the use to which it is to be put, and adjustment of payments for that milk according to such use, with payments into a Producer-settlement Fund by those handlers whose use value exceeds the norm on which the market administrator bases the uniform price, and payments from that Fund to those handlers whose use value is less than the norm. Thus the system imposes a primary obligation upon all handlers to make complete and accurate reports of their milk purchases and utilization, and a secondary obligation upon such handlers as are disclosed by those reports to be indebted to the Fund to pay the amounts found due. It is obvious that the successful operation of the system depends upon their prompt compliance with these requirements, (1) to make reports from which the administrator obtains the data upon which to base the uniform price and ascertain which handlers shall pay into the Fund and which receive payments therefrom, and (2) to make such payments as are called for by the administrator. Section 8c(15) (A) of the Act, 7 U.S.C.A. § 608c(15) (A), provides for review of any order upon petition by any handler to the Secretary of Agriculture stating that any such order or any provision of any such order or any obligation imposed in connection therewith is not in accordance with law and praying modification thereof or exemption therefrom. The ruling of the Secretary, after hearing on such petition, is final if in accordance with law.

The complaint upon which this litigation was instituted was filed May 7, 1940. It alleged appellant's failure and refusal to make reports in accordance with the provisions of the Order, submission of obviously incomplete reports, refusal to make records available for examination by the agents of the administrator, destruction of such records after demand for them duly made by the administrator, submission of inaccurate purchase and utilization records made after the dates of the transactions they purported to record, and failure to make any payments whatever for deposit in the Fund in accordance with the provisions of Order No. 41. The complaint therefore prayed a preliminary mandatory injunction commanding appellant to comply fully with all the requirements of the Order, pending final determination of the cause, and a permanent injunction restraining it from violating any of the provisions of the Order, and for "all such other, further, and different relief as this Court may deem just." It will be noted that it did not expressly seek a money judgment.

After various proceedings which we need not enumerate, the court found that appellant had failed and refused to make its records available to the administrator and that the extent to which the reports were incomplete and inaccurate could not be determined until that officer was given access to all appellant's books and records. The court therefore, by order of March 24, 1942, mandatorily enjoined appellant to comply fully with all the provisions of Order No. 41, and particularly to file all requisite reports for the period involved, and to make available to the administrator all books, memoranda, accounts and records required by him, for the verification of the information contained in the reports submitted by appellant. The court further ordered, "That jurisdiction of this cause be, and it is hereby, retained by the court for the purpose of making and entering such further orders, decrees, and judgments as may be necessary to afford full relief to the parties." All books and records were finally made available to the administrator in compliance with this mandatory injunction after contempt proceedings were instituted for appellant's continuing failure to comply.

On the basis of these records, the administrator computed the amount due from appellant for deposit in the Fund and billed it accordingly. Appellant did not petition for review of this finding. Upon its failure to make the payments, the Government, on October 6, 1944, filed its motion for further hearing on its motion for summary judg-

ment and additional relief by way of mandatory injunction to compel appellant to pay the amounts found by the administrator to be due under Order No. 41, and for a permanent injunction to restrain further violations of that Order. Upon hearing on the motion and answer, the court found that appellant had not availed itself of the administrative review permitted by the Act from the administrator's finding as to the amount due, and did not deny the correctness of his computations of that amount. The court therefore, by order of September 28, 1945, mandatorily enjoined appellant to pay the $24,317 found due to the administrator under the provisions of Order No. 41, and retained jurisdiction to enter such further orders as the court might find just and proper.

██ The right of the Government to a mandatory injunction to compel the payment of amounts properly found due under the various milk marketing orders is no longer in doubt. United States v. Ruzicka, supra; United States v. Adler's Creamery, Inc., 2 Cir., 110 F.2d 482; Crull v. Wickard, 6 Cir., 137 F.2d 406; Chapman v. United States, 8 Cir., 139 F.2d 327. . The only question here is whether failure to ask for that specific relief in the original bill of complaint bars the right to it.

██ Appellant contends that the facts of the cases relied upon by appellee and cited above, differ from those of the case at bar in that in all of them, the plaintiff in the original bill of complaint prayed for a definite sum of money then past due, whereas in the case at bar, no request was made until long after the original complaint and the judgment on that complaint which, appellant contends, granted the full measure of relief prayed by that complaint. However, we note a further distinction between the cases which we think accounts for the distinction relied upon by appellant. It appears from the opinion in each (and is so expressly stated in the Ruzicka case), that the reports required by the Order involved in each had been duly filed, so that it had been possible for the administrator to compute the amounts due before the filing of the demand for compliance with the Order. See also Parker v. United States, 1 Cir., 126 F.2d 370.

In the case at bar, the handler had failed to file complete reports, and it appeared that many of those which were filed were inaccurate. Hence, before the administrator could ascertain whether *any* payments were due and owing for the Fund, it was necessary for him to obtain compliance with the report requirements, and the original complaint and a citation for contempt were necessary before this was accomplished. Then, for the first time, it became possible for the administrator to make the computation and bill appellant for the amount found due. Appellant did not then ask for the administrative review to which it was entitled if it desired to challenge the correctness of the computation. The court, therefore, correctly found that there was no issue of fact in the case, and the only question was as to his jurisdiction to enter the mandatory injunction under the pleadings in the case.

The original complaint had alleged appellant's failure and refusal to make payments into the Fund, and its default as to such payments for the entire period between the effective date of Order No. 41 and the filing of the complaint. The prayer of the complaint was for preliminary mandatory injunction to compel full compliance with *all* provisions of the Order, and for permanent injunction enjoining any violations of that Order, and for any further relief the court deemed just.

Payments into the Fund were certainly an integral part of the scheme contemplated by the Order; the original complaint asked for full compliance; since the administrator could not determine amounts due until report requirements had been met, appellee is correct in its contention that the relief granted by the order of March 24, 1942, was partial in character and incidental to the main object of the action, hence that it was an interlocutory rather than a final judgment, as contended by appellant, and that the court did retain jurisdiction to enter the mandatory injunction to pay the amount found due after that amount was ascertained. Two cases cited by appellant as authority for its propositions that the 1942 judgment was final and that the attempted reservation of jurisdiction for further orders was void have no bearing on

428

the issues here presented. See Woods Bros. Construction Co. v. Yankton County, 8 Cir., 54 F.2d 304; Bankers' Utilities Co. v. Pacific Nat. Bank, 9 Cir., 32 F.2d 105. We are convinced that the order from which the appeal was taken did not unduly enlarge the scope of the relief prayed in the original complaint.

Judgment affirmed.