**UNITED STATES v. TURNER DAIRY CO.**

No. 9364.

Circuit Court of Appeals, Seventh Circuit.

Feb. 18, 1948.

As Amended on Denial of Rehearing
March 15, 1948.

Myer H. Gladstone and Ralph J. Gutgsell, both of Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., and John P. Lulinski, Asst. U. S. Atty., both of Chicago, Ill., James A. Doyle, Sp. Asst. to Atty. Gen., John F. Sonnett, Asst. Atty. Gen., and J. Stephen Doyle, Jr., Sp. Asst. to Atty. Gen., for appellee.

Before SPARKS and MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

The United States brought suit in the District Court against defendant to enforce compliance with Order No. 41, and the amendments thereto, issued in pursuance of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 601 et seq., regulating handling of milk in the Chicago area. The complaint alleged that defendant had failed to file reports with the Market Administrator as required and owed the Administrator various sums of money due under the provisions of the order, the exact amount of which could not be computed until proper reports had been filed and audited. Plaintiff prayed

a mandatory injunction commanding defendant to file immediately reports for each of the pertinent delivery periods, directing that defendant pay such sums as should be found due, and permanently restraining defendant from violating any of the provisions of Order No. 41, as amended.

The defendant interposed certain defenses, only three of which are of importance here; namely, that the order as amended is illegal because (1) of "failure to determine the purchasing power of milk in the pre-war period"; (2) it does not include a finding by the Secretary of Agriculture that he had ascertained, prior to issuance of the order, "the price that would give milk a purchasing power equivalent to its purchasing power during the base period"; and (3) the Secretary did not conduct public hearings or take evidence at such hearings, as required by the terms and provisions of the Agricultural Marketing Agreement Act of 1937. Defendant did not deny that it had failed to comply with the order.

Upon motion for summary judgment, the District Court ordered defendant to comply with the order by filing the required reports and paying the Market Administrator the amounts found to be due on the basis of said reports and defendant's records, and permanently enjoined defendant from violating the order in the future. Special findings of fact and conclusions were to the effect that defendant is subject to the order; that it is valid, issued in full compliance with the Agricultural Marketing Agreement Act of 1937; that defendant is a handler within the meaning of that Act; that by its failure to file the reports required by Order No. 41 since July 1, 1941, defendant has violated the order and the Act pursuant to which it was issued; that the court had jurisdiction, and that a permanent injunction should issue as prayed.

Upon appeal, defendant urges that the Secretary of Agriculture should have ascertained and published the price of milk that would give it a purchasing power equivalent to that during the base period and that, as he had not done so, Order No. 41, as amended, was invalid; that summary judgment was wrongly entered,

and, finally, that the judgment is so broad in its terms as to defeat defendant's right to resort to administrative relief provided for in Sections 8c (15) (A) and (B) of the Agricultural Marketing Agreement Act of 1937.

Order No. 41 was involved in United States v. Wrightwood Dairy Co., 7 Cir., 123 F.2d 100, Id., 315 U.S. 110, 62 S.Ct. 523, 86 L.Ed. 726; United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207; and United States v. Turner Dairy Co., 7 Cir., 162 F.2d 425, and a similar order, relating to other territory, in United States v. Rock Royal Cooperative, Inc., 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446. Consequently we shall not reiterate the provisions of the Act, its scheme of operation, and the terms of Order No. 41, except insofar as necessary to a determination of the issues presented.

The Act, as amended, in Section 8c (18), provides that: "The Secretary of Agriculture, prior to prescribing any term in any marketing agreement or order, or amendment thereto, relating to milk or its products, if such term is to fix minimum prices to be paid to producers or associations of producers, or prior to modifying the price fixed in any such term, shall ascertain, in accordance with section 2 and section 8e, the price that will give such commodities a purchasing power equivalent to their purchasing power during the base period. * * * Whenever the Secretary finds, upon the basis of the evidence adduced at the hearing required by section 8b or 8c, as the case may be, that the prices that will give such commodities a purchasing power equivalent to their purchasing power during the base period as determined pursuant to section 2 and section 8e are not reasonable in view of the price of feeds, the available supplies of feeds, and other economic conditions which affect market supply and demand for milk and its products in the marketing area to which the contemplated agreement, order, or amendment relates, he shall fix such prices as he finds will reflect such factors, insure a sufficient quantity of pure and wholesome milk, and be in the public interest."

Defendant insists that under these provisions it was the Secretary's duty to make

a prior determination of the prices that would give milk a purchasing power equivalent to its purchasing power during the base period; that it was his statutory duty to set forth that price in the order and in each amendment thereto, and that the failure to include this price and to publish it invalidates the order.

█ It does not appear that the District Court considered in any way the premise that it was not endowed with jurisdiction to decide this issue in the enforcement action. Evidently the court proceeded on the theory that it had jurisdiction and decided that the order was not illegal because of anything urged. The Government now suggests that the issue of validity was not proper subject matter for the court's consideration. It relies upon Section 8c (15) (A) of the Act which provides that "any handler subject to an order may file a written petition with the Secretary of Agriculture, stating that any such order or any provision of any such order or any obligation imposed in connection therewith is not in accordance with law."

The same Section provides further that, praying for modification and to be exempted, an applicant shall be given opportunity for a hearing upon the application; that the Secretary shall rule upon it; and that the latter's decision shall be final, "if in accordance with law."

Under Section 8c (15) (B) District Courts are vested with jurisdiction in equity to review the ruling of the Secretary upon a complaint filed within twenty days of entry of his decision. In such a cause, the District Court has the right to review the ruling and, if it finds it is not in accordance with law, it must remand the proceedings to the Secretary or take such further proceedings as in its opinion the law requires. The same Section provides explicitly that the pendency of administrative proceedings shall not impede or delay the United States from obtaining relief in the enforcement action.

These provisions were considered by the Supreme Court in United States v. Ruzicka, 329 U.S. 287, 67 S. Ct. 207, 209. The question there was whether a handler of milk, such as defendant, might resist an enforcement claim against him by the Secretary without having previously sought to challenge the claim in a proceeding before the Secretary. The court commented that the District Courts are specifically vested with the jurisdiction to enforce orders issued by the Secretary under the Act but that a handler subject to an order may apply to the Secretary of Agriculture to have it vacated or amended or modified if "not in accordance with law"; that, when the order is so challenged, the determination of the Secretary, after hearing, is final "if in accordance with law." The court proceeded: "The procedure devised by Congress explicitly gave to an aggrieved handler an appropriate opportunity for the correction of errors or abuses by the agency charged with the intricate business of milk control. In addition, if the Secretary fails to make amends called for by law the handler may challenge the legality of the Secretary's ruling in court. Handlers are thus assured opportunity to establish claims of grievances while steps for the protection of the industry as a whole may go forward. Sections 8a (6) and 8c (15) thus form a complementary procedural scheme. Contrariwise, it would make for disharmony to extrapolate from these provisions of the statute the right to consider independently, in a proceeding by the Government for the enforcement of the Secretary's order, questions for which Congress explicitly furnished the handler an expert forum for contest with ultimate review by a district court. * * * Congress has provided a special procedure for ascertaining whether such an order is or is not in accordance with law. The questions are not, or may not be, abstract questions of law. Even when they are formulated in constitutional terms, they are questions of law arising out of, or entwined with, factors that call for understanding of the milk industry. And so Congress has provided that the remedy in the first instance must be sought from the Secretary of Agriculture."

So here it seems clear that defendant's remedy lay in an application for review filed with the Secretary; that upon a petition seeking such relief, the Secretary could properly have been asked to de-

termine whether he had duly ascertained parity prices and published the same, and, if not, to amend his record so as to include a finding on such prices. Such ascertainment and determination is clearly action peculiarly within the functions of a skilled administrative body created for the purpose of administering such legislation as is here involved. And, though in the Ruzicka case the failure to apply to the Secretary involved the validity of claims and audits, we see no reason why the task of determination, certification and publishing of parity prices is not just as peculiarily within the functions of an administrative tribunal as determination of the correctness of reports or audits.

Defendant relies upon cases which recognize a litigant's right to attack the constitutionality of legislation or of administrative orders. We think they are not in point. In the first place, no constitutional question is involved. In the second place, there is a vast difference between a litigant's right to plead unconstitutionality of a statutory enactment or of an administrative order and his right to have corrected the form of an administrative order to which he is subject. We do not see that this cause involves any constitutional question or any question of interpretation or construction. It involves merely the distinction between purely judicial functions and quasi-judicial or administrative functions. It involves no deprivation of due process of law for the reason that the statute provides a judicial review to determine whether the administrative finding is in accordance with the law. So we conclude that the District Court, in an enforcement action, was in no wise concerned with the question of validity of the order.

It should be observed, however, that the court did consider the question of validity of the order, for it expressly held that it was not illegal or invalid. If the trial court had jurisdiction to decide the question, this conclusion, we think, was the only justifiable one under the facts, in view of the language of the Act and the order. Thus, in the order as amended, the Secretary made an express finding as follows: "That the prices calculated to give milk produced for sale in said marketing area a purchasing power equivalent to the purchasing power of such milk, as determined pursuant to Sections 2 and 8e of said Act, are not reasonable in view of the price of feeds, the available supplies of feed, and other economic conditions which affect market supply of and demand for such milk, and that the minimum prices set forth in this order are such prices as will reflect the aforesaid factors, insure a sufficient quantity of pure and wholesome milk and be in the public interest."

It seems obvious that this language is such as to impel necessarily a finding that the Administrator had previously determined the parity prices of milk pursuant to Sections 2 and 8e of the Act. He must, of necessity, have determined them, for he proceeded to find that they were not reasonable, in view of the price of feed, the available supplies of feed and other economic conditions that affect the market supply of and demand for milk, and having found that such parity prices were not reasonable, he proceeded to find that the minimum prices, prescribed by the order and set forth therein, were such as would reflect all of the aforesaid factors, insure a sufficient quantity of pure and wholesome milk and be in the public interest. The real question, so far as this handler is concerned, is whether the minimum prices fixed were proper. It matters not at all what the former determination of prices was, for, as the Administrator found, those prices had become no longer reasonably applicable to the producers' situation. Inasmuch as they had been found to be inadequate, so that it was necessary to disregard them and substitute for them new and other minimum prices, what the former determination had been became irrelevant and unimportant.

■ Defendant's final contention is that the judgment of the court was so broad as to defeat its right to resort to administrative relief before the Secretary of Agriculture. The judgment does mandatorily require defendant, immediately upon determination by the Administrator, to pay all amounts found due and payable. Yet under the Act, defendant has, as we have seen, a right to apply for and have a hearing upon the issue of whether the Adminis-

trator has erred in his computations or audits. To approve of the judgment in its entirety might imply sub silentio that defendant would be deprived of opportunity to invoke administrative relief and in contempt of court, if it did not immediately pay the amounts found due. We conclude, therefore, that the judgment should be modified so as to include a proviso that the injunction shall be without prejudice to defendant's rights to pursue promptly its administrative remedy, in case it feels impelled so to do. Whether the order to pay immediately all sums found due by the Secretary of Agriculture should be stayed during the pendency of an application for relief therefrom, if it should be made, we think, is not presented on the present record. When and if it is presented, the District Court, sitting in equity, will determine it. The judgment will be amended in the respect mentioned, and, as so amended, it is affirmed.