UNITED STATES of America,
Plaintiff,

v.

FARM DAIRY COOPERATIVE, INC.,
a corporation, Defendant.

Civ. A. No. C–68–12–W.

United States District Court
N. D. West Virginia.

April 18, 1969.

John H. Kamlowsky, U. S. Atty., Wheeling, W. Va., for plaintiff.

Ronald W. Kasserman, Wheeling, W. Va., for defendant.

MAXWELL, Chief Judge.

This action was instituted upon the request of the Secretary of Agriculture of the United States seeking to require compliance by the defendant, a milk handler in the Wheeling, West Virginia, milk marketing area, with the Agricul-

tural Marketing Agreement Act of 1937, as amended, and more particularly with provisions of Order No. 8 of the Secretary of Agriculture, issued under authority of the Act (7 U.S.C. § 608c). The Act has been implemented, by virtue of authority placed in the Secretary of Agriculture, and set forth in 7 C.F. R., Part 1008. After this action was commenced, the Wheeling milk marketing area was absorbed into the Eastern Ohio-Western Pennsylvania milk marketing area. Order No. 8 has since been absorbed into Order No. 36, pursuant to 7 C.F.R., Part 1036, effective July 1, 1968.

The complaint prays (1) for a mandatory injunction requiring defendant, its officers, employees, successors and assigns to comply fully with provisions of the Act and the Order by paying over to plaintiff all currently due amounts, all amounts accruing during the pendency of this action, and all future amounts coming due as provided and prescribed in the Order; and (2) for a permanent injunction preventing and restraining defendant, its officers, employees, successors and assigns from handling milk in violation of the Act and Order. The complaint also asks for "such other, further, and different relief as the Court may deem just and proper." Plaintiff implemented this general prayer by subsequent pleadings, supported by affidavit, asserting that defendant was disposing of its properties, leaving no assets available for paying the sums owing by defendant as claimed in this action, and asking that defendant, its officers, employees, successors and assigns be restrained from further disposing of and depleting the assets. The sums and amounts here involved are based on payments required by the Order and to be paid by defendant into funds established as a part of the administration of the Act.

Defendant's attorneys, assigning several grounds, moved the Court to dismiss the complaint. Plaintiff filed a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, including injunctive relief. Defendant countered with a motion to strike plaintiff's motion for summary judgment, asserting that defendant is no longer in the milk marketing business in the Wheeling marketing area.

After a review of all matters presented by the record in this case, the Court makes the following determinations:

1. Plaintiff's motion, filed August 2, 1968, to amend the pleadings, is sustained in order that the state of the record will conform to the fact that Order No. 8 has been absorbed into Order No. 36, pursuant to 7 C.F.R., Part 1036, regulating the handling of milk in the Eastern Ohio-Western Pennsylvania milk marketing area, as of July 1, 1968. Rule 15, Federal Rules of Civil Procedure.

2. Plaintiff's motion for summary judgment is sustained, authorizing the recovery of the total sum of $5,302.63 from defendant, its officers, employees, successors and assigns, and being the sum of $5,144.71 due from defendant to plaintiff for payment into the Producer Settlement Fund, and the sum of $157.-92 likewise due for payment into the Administration Fund, all pursuant to requirements of the Act and Order, and in addition requiring the payment of any and all further sums accruing and coming due under provisions of the Act and Order during the pendency of this action.

3. A mandatory injunction is granted requiring defendant, its officers, employees, successors and assigns to respond forthwith in complying fully with the summary judgment herein awarded; and,

4. A temporary restraining order is granted, pursuant to the prayer of the pleadings, supported by the affidavit of William Kidd, deputy administrator, restraining defendant, its officers, employees, successors and assigns from further disposing of defendant's properties and assets until the judgment herein awarded against defendant, as well as other obligations accruing in favor of

plaintiff and against defendant in this action, have been fully satisfied and discharged.

Other pending motions will be considered disposed of consistent with the stated Court action.

Jurisdiction of this action does not appear to be in question. 7 U.S.C. § 608a(6), Brown v. United States, 367 F.2d 907, 912 (Cir. 10th 1966); United States v. Yadkin Valley Dairy Cooperative, Inc., 209 F.Supp. 634 (D.C. M.D., N.C.1962); United States v. Mills, 315 F.2d 828 (Cir. 4th 1963); United States v. Adler's Creamery, 110 F.2d 482 (Cir. 2d 1940).

■ In this enforcement action the sole issue to be decided is whether the market administrator has determined that defendant is subject to the marketing order and whether defendant is violating any provisions of the order. The record discloses that this determination was made by the administrator. His affidavit of April 30, 1968, is clear. Defendant reasons that since it has ceased the milk marketing business in the area covered by the order therefor, the relief sought by plaintiff is inappropriate. Particularly pertinent here will be language from the decision in United States v. Yadkin Valley Dairy Cooperative, Inc., 209 F.Supp. 634, 635–636 (D.C. M.D., N.C.1962), as follows:

"The case is before the court on plaintiff's motion for summary judgment and defendant's motion to dismiss. We are of the opinion that defendant's motion should be denied and that plaintiff is entitled to its judgment.

"The action was instituted pursuant to § 608a(6) of the Agricultural Marketing Agreement Act of 1937, as amended (7 U.S.C.A. § 601 et seq.). Plaintiff seeks: (a) a mandatory injunction commanding the defendant to comply fully with the act and all the provisions of Washington, D. C. Marketing Order No. 3 and to pay forthwith its total unpaid obligations; and, (b) a permanent injunction restraining defendant from subsequent violations of the order.

"The basic facts indicate that defendant submitted a bid on the milk requirements of the military base at Quantico, Virginia, an area covered by the Washington milk marketing order. The bid was accepted, and defendant began performance under the agreement. In January, 1962, defendant was assessed for the Producer's Settlement Fund a sum of $10,903.18, and $236.78 for the Administrative Fund. In February, 1962, defendant was assessed $13,282.18 for the Producer's Settlement Fund and $208.37 for the Administrative Fund. The government asks the aid of the court in commanding the defendant to pay these sums to the market administrator. Defendant in March assigned the contract to others and ceased to qualify as a milk handler under the act.

"It seems clear that defendant's objections to the payment of these sums are not properly before this court at this time. In an action to enforce an obligation imposed under a milk marketing order, the district court lacks jurisdiction over the merits of any defense asserted, since the act requires the handler to assert such defense initially in an administrative proceeding and thus exhaust the available administrative remedies. In this enforcement proceeding, defendant may not contest the validity of the marketing order or any of the obligations imposed thereunder since the defendant is provided by the Agricultural Marketing Agreement Act, 7 U.S.C.A. § 608c(15) (A), (B), with an administrative and judicial remedy to consider those issues. The sole issue to be determined in an enforcement action brought pursuant to section 8a(6) of the act, such as the present action, is whether the market administrator, who is charged with the administration of the marketing order, has determined that the defendant, by virtue of the conduct of its operations, is

subject to the marketing order and is presently violating the provisions of such regulation. The affidavit attached to the motion demonstrates that the market administrator has determined that the order applies to the defendant and that the defendant has violated its provisions. United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290; United States v. Mills Dairy Products Company, et al. 185 F.Supp. 709 and 187 F.Supp. 314, 315 (D.C. Md.1960); Willow Farms Dairy, Inc. v. Benson, 181 F.Supp. 798 (D.C. Md.1960), aff'd per curiam, 4 Cir., 276 F.2d 856 (1960)."

■ The fact that this defendant is no longer in the milk marketing business and has disposed or is disposing of its equipment and assets used in the business is not a defense to this action. Defendant's motion filed May 22, 1968, does not mention defendant's discontinuance of the business, but interposes defenses and questions indicating that defendant was then in the milk marketing business in the area covered by the order. In its motion filed June 10, 1968, defendant states it is no longer in the milk marketing business. Defendant's affidavit, dated June 10, 1968, filed with the motion of the same date, states that defendant ceased to do business within the terms of the milk marketing order and the Act "on or before March 15, 1968" and that "from and after the 23rd day of November, 1967, defendant was merely in the process of liquidating its business." Plaintiff's statement, filed August 2, 1968, in opposition to defendant's motion to dismiss and a motion to strike plaintiff's motion for summary judgment, supported by affidavit of July 31, 1968, of the deputy administrator of the order, manifests concern as to defendant's disposition of its assets. The depletion obviously would result in irreparable loss to plaintiff. Plaintiff therein referred to its accompanying brief in support of the position of the United States.

Defendant's brief in response was not timely received and three successive stipulated extensions of time allowed defendant until February 28, 1969, to file its brief. Defendant's three-page brief was transmitted to the Court by letter of March 11, 1969. The brief recites that defendant no longer operates a business as a milk handler and has nothing to do with the supply and demand of milk in the area covered by the order. The brief reasons that nothing can now be accomplished by grant of injunctive relief to plaintiff.

The mere fact that defendant may no longer be in the milk marketing business does not deny the Court of jurisdiction in this action. United States v. Yadkin Valley Dairy Cooperative, Inc., *supra*, parallels this case to some degree. In that case defendant had assigned its contract to others and had ceased to qualify as a milk handler under provisions of the Act. The court there granted plaintiff's motion for summary judgment, including injunctive relief.

■ The last paragraph of defendant's brief states that defendant has "recently applied for administrative determination of the factual matters in this proceeding" and asks that the Court hold "the injunctive relief prayed for by plaintiff in abeyance until such administrative review may be had." United States v. Brown, 331 F.2d 362 (Cir. 10th 1964), is cited in support of defendant's position, as is Brown v. United States, 367 F.2d 907 (Cir. 10th 1966).

A careful reading of these two cases can give little comfort to defendant here.

While the record in the present case does not disclose the nature of defendant's administrative proceedings, as mentioned in the brief, it may be observed that 7 U.S.C. § 608c, makes provisions for issuance of the orders of the Secretary of Agriculture and that 7 U.S.C. § 608c(15) (A), provides for administrative review thereof. Yet in 7 U.S.C. § 608c(15) (B), the Congress provided:

"* * * The pendency of proceedings instituted pursuant to this

subsection (15) shall not impede, hinder, or delay the United States or the Secretary of Agriculture from obtaining relief pursuant to section 608a(6) of this title. * * *"

The action now before the Court is instituted pursuant to said 7 U.S.C. § 608a(6) of this title. Again the following quotation from United States v. Yadkin Valley Dairy Cooperative, Inc., *supra*, 209 F.Supp. at page 636, is helpful:

"Defendant has already begun an action in pursuit of its administrative remedies under 7 U.S.C.A. § 608c(15) (A). A decision is pending in that action. It is in that action that defendant may properly challenge the provisions of the milk order as 'not in accordance with law,' and otherwise deal with the merits of the case. Only after a ruling in that forum, and the administrative remedies having thus been exhausted, is this court vested with jurisdiction under § 608c(15) (B) to hear defendant's challenge that the order is not in accordance with law.

"Nor does the fact that a ruling is pending in the administrative hearing deprive this court of the power to act in the present case. Section 608c(15) (B) provides that 'the pendency of proceedings instituted pursuant to this subsection shall not impede, hinder, or delay the United States or the Secretary of Agriculture from obtaining relief pursuant to section 608a(6) of this Title.' "

The above quoted decision refers to and quotes at length from United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 (1946), wherein the Supreme Court discussed the dual functions of the judiciary under the one section 7 U.S.C. § 608a(6), and of the administrative findings and later judicial review under the other provisions of the Act, 7 U.S.C. § 608c(15).

United States v. Yadkin Valley Dairy Cooperative, Inc., *supra*, was affirmed by the Court of Appeals in 315 F.2d 867 (Cir. 4th 1963), with this *per curiam* opinion language:

"Yadkin Valley Dairy Cooperative, Inc., appeals from a summary judgment against it in favor of the United States, enforcing compliance with a federal milk marketing order. On the authority of 7 U.S.C.A. § 608c(15) the District Court properly refused the Dairy's request to stay the enforcement of the order pending the outcome of administrative proceedings instituted under the Agricultural Marketing Agent Act, 7 U.S.C.A. § 601 et seq."

Accordingly, lately instituted administrative proceedings will not "impede, hinder, or delay" the relief plaintiff seeks in this action against defendant. Moreover, in this action, wherein the record discloses defendant has discontinued its milk handler's business and has been disposing of its equipment and assets used therein, plaintiff will be entitled, *a fortiori*, to the relief sought.

Plaintiff's attorneys shall immediately prepare and present to the Court for entry an order carrying out the conclusions of this opinion. The Court assumes defendant will have funds or assets with which to satisfy the money judgment herein mentioned. In the event, however, that procedural delays, or other developments disclosed in these proceedings, have contributed to defendant's disposition of its assets, thereby impairing or denying plaintiff's recovery on the judgment, the Court will consider implementing this opinion and the order to be entered herein for pursuit of funds and properties to satisfy the judgment due plaintiff.