**UNITED STATES of America,**
**Plaintiff,**

v.

**SUNNY AYR FARMS DAIRY, INC.,**
**Defendant.**

**Civ. A. No. 69–2442.**

United States District Court,
E. D. Pennsylvania.

Feb. 5, 1971.

Louis C. Bechtle, U. S. Atty., E.D.Pa.,
J. Clayton Undercofler, III, Asst. U. S.
Atty., E.D.Pa., for plaintiff.

Wallace A. Murray, Jr., of Wisler,
Pearlstine, Talone & Gerber, Norristown,
Pa., for defendant.

## OPINION

HUYETT, District Judge.

This is a suit instituted by the United States of America against Sunny Ayr Farms Dairy, Inc. ("Sunny Ayr") pursuant to § 8a(6) of the Agricultural Marketing Agreement Act of 1937, as amended, 7 U.S.C. § 608a(6), (the "Act"), for enforcement of Milk Marketing Order No. 4, as amended, 7 CFR Part 1004 (the "Order") issued by the Secretary of Agriculture regulating the handling of milk in the Delaware Valley marketing area.

The United States of America seeks a mandatory injunction commanding Sunny Ayr to fully comply with the Act, and all provisions of the Order, and particularly to pay to the Market Administrator the overdue obligation of $9,021.-45 to the Producer-Settlement Fund, and a permanent injunction restraining Sunny Ayr from handling milk in violation of the Act and the Order. Plaintiff has moved for summary judgment, and Sunny Ayr has moved for a stay of proceedings to permit consideration of the merits of defendant's position and pending review under the Act. Plaintiff's motion is granted; the motion of Sunny Ayr is denied.

The Act permits the Secretary of Agriculture, after notice and hearing, to issue orders regulating the marketing of milk in given areas. The regulatory scheme provides a method of pooling so that all producers (farmers) are paid a minimum uniform or blend price by handlers (milk processors) for the milk delivered by them regardless of the actual use of the milk by a handler. The handlers are required to account to the Secretary of Agriculture's designee (the

Market Administrator) for the actual use made of the milk. The blend prices paid by handlers to producers, in most instances, do not equal the use value of the milk. Under the Act necessary adjustments are made through a Producer-Settlement Fund administered by the Market Administrator. Handlers whose use value exceeds the blend price make payments into the Fund, while handlers whose use value is less than the Fund are ultimately distributed to producers. There is a provision for payment by handlers, on a pro-rata basis, of the expense of administering the Fund.

During the period since June 1, 1968, Sunny Ayr operated a milk distributing plant located at Lansdale, Pennsylvania which is within the marketing area regulated by the Order. The Market Administrator determined that the plant operated by Sunny Ayr was a "pool plant" and that Sunny Ayr was a "handler" as defined in the Order. Sunny Ayr filed monthly reports with the Maret Administrator pursuant to the Order. Sunny Ayr was notified of its obligations to file reports and make payments within the time period set forth in the Order, but Sunny Ayr has failed to do so.

Plaintiff contends that Sunny Ayr owes the sum of $9,021.45 (revised from the sum of $9,051.22 claimed in the Complaint) to the Market Administrator on behalf of the Producer-Settlement Fund. Sunny Ayr contends that this amount is properly owed by another "handler". Fruitless negotiations have taken place between plaintiff and defendant concerning this obligation.

■ Clearly the issues raised by defendant are not properly before the Court at this time. In an action to enforce an obligation imposed under a Milk Marketing Order, this Court is without jurisdiction over the merits of any defense asserted by a defendant. Section 8c(15) of the Act provides a complete and exclusive administrative remedy including judicial review to consider any defenses to a Milk Marketing Order. Until this Court is asked under Section 8c(15) of the Act to review an adverse decision of the Secretary, defendant's obligations under the Order cannot be reviewed. United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 (1946); United States v. Lehigh Valley Cooperative Farmers, Inc., 294 F.Supp. 140 (E.D.Pa.1968); United States v. Mosby, 221 F.Supp. 624 (S.D.Miss.1963).

■ Since the issues defendant presents are not properly before this Court, there is no genuine issue as to any material fact. The only material issue of fact to be decided in enforcement proceedings under Section 8a(6) of the Act is whether the Market Administrator has determined that the defendant is subject to the Order. United States v. Farm Dairy Cooperative, Inc., 298 F. Supp. 769, 771 (N.D.W.Va.1969); United States v. Yadkin Valley Dairy Cooperative, Inc., 209 F.Supp. 634 (M.D.N.C. 1962), aff'd per curiam, 315 F.2d 867 (4th Cir. 1963). The affidavit of the Market Administrator establishes that this determination has been made.

Sunny Ayr, however, has requested a stay of these proceedings. While *Ruzicka*, supra, did provide that defenses on the merits may not be considered in a proceeding instituted pursuant to § 8a(6), it did not attempt to interfere with the traditional exercise of judicial discretion in equitable proceedings. United States v. Brown, 331 F.2d 362 (10 Cir. 1964).

■ This Court finds that serious injury will result to the United States if the Order is not enforced. The purposes of the Agricultural Marketing Agreement Act require compliance by every "handler" and "producer" in order to prevent ruinous competition. Section 8a(6) was enacted to permit the Courts to compel compliance without undue delay. If enforcement actions could be readily delayed by the use of administrative remedies or other tactics, despite the provisions of § 8a(6), other "producers" and "handlers" would be required to violate the Act in order to compete. The result would be the market instabil-

ity and competition the Act was designed to prevent.

When balanced against the impact on a Congressional program, the possibility of financial hardship to Sunny Ayr is insufficient reason for a stay to be granted. In addition, there is no allegation the payment would not be recoverable from the Fund should it be determined, by proceedings instituted pursuant to § 8c(15), that the Market Administrator's Order was incorrect.

Thus, an appropriate order requiring the defendant to comply with the Act and the Order will be entered. This Court shall retain jurisdiction over this action for the entering of such further orders and judgments as may be necessary.