**UNITED STATES of America,**
**Plaintiff,**

v.

**Harold E. LARSON, d/b/a Roen**
**Orchards, Defendant.**

**No. 74–C–129.**

United States District Court,
E. D. Wisconsin.

July 8, 1975.

William J. Mulligan, U. S. Atty. by Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

No appearance for defendant.

### DECISION AND ORDER

REYNOLDS, Chief Judge.

On April 9, 1974, the United States commenced this action to require defendant Harold E. Larson to comply with the provisions of Marketing Order No. 930 (7 C.F.R. Part 930) regulating the handling of cherries grown in Wisconsin. Under the order sought to be enforced, handlers of cherries are required to pay certain assessments to the Cherry Administration Board to defer the expenses incurred by the Board in carrying out its duties under the order. 7 C.F.R. §§ 930.40, 930.41. In addition, handlers are required to file reports as to the volume of cherries packed, sold, or on hand, and the names and addresses of its growers. 7 C.F.R. § 930.62(a) and (b). Plaintiff alleges that defendant has violated the order in that he failed to pay the assessments or file the requisite reports. Defendant has never answered the complaint.

On September 30, 1974, the United States moved for summary judgment, contending that it is entitled to a mandatory injunction commanding defendant to fully comply with the provisions of Marketing Order No. 930 (7 C.F.R.

Part 930) as a matter of law. Defendant has never responded to this motion. For the reasons stated herein plaintiff's motion for summary judgment and a mandatory injunction are granted.

### I.

This action is brought pursuant to § 8a(6) of the Agricultural Adjustment Act, 7 U.S.C. § 608a(6), which section provides:

"The several district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating any order, regulation, or agreement, heretofore or hereafter made or issued pursuant to this chapter, in any proceeding now pending or hereafter brought in said courts."

Plaintiff contends, and this court agrees, that prior to raising any issue of defense in a § 8a(6) enforcement action, defendant must have previously sought the available administrative remedies under § 8c(15) of the Act. 7 U.S.C. § 608c(15).

The definitive interpretation of the Agricultural Adjustment Act's enforcement scheme is the Supreme Court's opinion in *United States v. Ruzicka*, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 (1946). In *Ruzicka*, the Supreme Court held that a defendant cannot resist a claim against him under § 608a(6) without having pursued the administrative remedies available under § 608c(15). Consequently, where, as here, the defendant has not sought the administrative remedies before the Secretary of Agriculture, the only material issue of fact to be decided in enforcement proceedings under § 8a(6) of the Act is whether the Market Administrator has determined that the defendant is subject to the order. United States v. Yadkin Valley Dairy Cooperative, Inc., 209 F. Supp. 634, 771 (D.N.C.1962), aff'd 315 F.2d 867 (4th Cir. 1963); United States v. Sunny Ayr Farms Dairy, Inc., 323 F. Supp. 825 (E.D.Pa.1971); United States

v. Turner Dairy Co., 166 F.2d 1 (7th Cir. 1948), cert. denied 335 U.S. 813, 69 S.Ct. 29, 93 L.Ed. 368 (1949).

In support of its motion for summary judgment, plaintiff has filed the uncontradicted affidavit of Frank W. Owen, general manager of the Cherry Administration Board. The affidavit states that the defendant Harold Larson is subject to the order and is violating its provisions by his failure to pay the required assessment and his failure to file the necessary reports. Based on this affidavit the plaintiff is entitled to summary judgment.

It is therefore ordered that plaintiff's motion for summary judgment be and it hereby is granted.

It is further ordered that defendant Harold E. Larson, d/b/a Roen Orchards, be and he hereby is ordered to fully comply with the Act and all provisions of Marketing Order No. 930, 7 C.F.R. Part 930.

————————◆————————

William J. Mulligan, U. S. Atty., by John E. Nelson, Milwaukee, Wis., for plaintiff.

James F. Bremer, Waterford, Wis., for Village of Waterford.

W. H. Putnam, Madison, Wis., for Dept. of Industry.

Heft, Coates, Heft, Henzl & Bichler by Carroll R. Heft, Racine, Wis., for Burczyk.

Gregory Gramling, Jr., Milwaukee, Wis., for Howard.