**UNITED STATES of America**

v.

**IDEAL FARMS, INC., Appellant.**

**No. 12668.**

United States Court of Appeals
Third Circuit.

Argued Dec. 4, 1958.

Decided Dec. 23, 1958.

Willis F. Daniels, Harrisburg, Pa. (Daniels & Swope, Harrisburg, Pa., Edward G. Weiss, Paterson, N. J., on the brief), for appellant.

Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J. (J. Stephen Doyle, Jr., Neil Brooks, Attys., U. S. Dept. of Justice, Washington D. C., Chester A. Weidenburner, U. S. Atty., Newark, N. J., on the brief), Donald A. Campbell, Atty., U. S. Dept. of Agriculture, Washington, D. C., for the United States.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This appeal seeks relief from a permanent injunction entered against the defendant in the district court for the District of New Jersey. Pursuant to the enforcement provisions contained in 7 U. S.C. § 608a(6), the government sought to compel compliance with and to enjoin the violation of Milk Marketing Order No. 27, issued pursuant to the power delegated to the Secretary of Agriculture to effectuate the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 601 et seq. The answer alleged and it was conceded that appellant timely instituted, before the Secretary of Agriculture, proceedings authorized by Section 8c(15) (A) of the Act, 7 U.S.C.A. § 608c(15) (A), for the administrative review of the order. Said proceedings had not been resolved at the time the enforcement action was before the district court.

The district court refused to entertain or consider defendant's attack upon the validity of the order, holding that the defendant must exhaust its administrative remedy, afforded by 7 U.S.C. § 608c(15) (A), for the determination of the propriety, legality, and constitutionality of the order. Defendant contends that inasmuch as a mere question of statutory construction is presented it should have been resolved in the enforcement proceeding and resort to the administrative remedy should not be required.

We think this question is clearly settled by United States v. Ruzicka, 1946, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290, which held that a party may not resist a claim brought against it by the Secretary of Agriculture pursuant to the pro-

visions of 7 U.S.C. § 608a(6) without previously having sought and obtained a determination by the Secretary of the validity of such claim in the administrative proceeding provided for by 7 U.S. C. § 608c(15) (A).

The judgment of the district court will be affirmed.