**UNITED STATES of America, Plaintiff,**

v.

**SANITARY DAIRY PRODUCTS, INC., Defendant.**
**Civ. A. No. 8986.**

United States District Court
W. D. Louisiana,
Shreveport Division.
Nov. 27, 1962.

Edward L. Shaheen, U. S. Atty., Shreveport, La., John G. Liebert, Attorney, Office of General Counsel, U. S. Department of Agriculture, Washington, D. C., for the Government.

Ellis C. Magee, Franklinton, La., for defendant.

Stuart H. Russell, Oklahoma City, Okl., for intervenor North La. Pure Milk Producers Ass'n.

Joel B. Dickinson, Baton Rouge, La., for intervenor Pearce.

Ellis C. Magee, Franklinton, La., for other intervenors.

BEN C. DAWKINS, Jr., Chief Judge.

The Government here seeks an injunction to force the defendant milk handler to comply with a marketing order issued by the Secretary of Agriculture under the applicable provisions of the Agricultural Marketing Agreement Act, 7 U.S.C. § 601 et seq. Defendant points out in its answer its willingness to comply with the order but for fear of liability from another quarter. Defendant, in addition to the federal order here involved, alleges it has been subjected to similar regulation by the State of Louisiana through its Commissioner of Agriculture and Immigration. LSA–R. S. 40:940.1 et seq.

In the past, Louisiana milk handlers have been able to comply with both the Federal and State orders since they were complementary in all respects but for a price differential on certain grades of milk. Since the Federal order re-

quired payment of a *minimum* price, both the State and Federal order could be complied with by paying the higher price required by the State order. However, on June 1, 1962, the Federal order was changed to such an extent that compliance with the Federal order and the State order would require milk handlers to make dual payments for a portion of the amount due for milk purchased. In an attempt to rid itself of the vexations of dual regulation, defendant moved by way of counterclaim to interplead the Government, the State of Louisiana and those producers who could claim under the State order.

Jurisdiction over the United States exists only where specific congressional consent for the Government to be sued has been given, whether the claim is an original action or a counterclaim. United States v. Shaw, 309 U.S. 495, 502, 60 S.Ct. 659, 84 L.Ed. 888. Congress did not waive sovereign immunity by its enactment of the interpleader statute, 28 U.S.C. § 1335. United States v. Dry Dock Savings Institution, 149 F. 2d 917 (2 Cir., 1945); Herter v. Hemsley-Spear, Inc., D.C., 149 F.Supp. 713 (1957). If this handler has been aggrieved by the order of the Secretary, Congress has provided an administrative remedy. 7 U.S.C. § 608c(15). The remedy provided by the Congress is exclusive and this Court is without jurisdiction to review the Secretary's order until the administrative remedy has been exhausted. United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 (1946).

Dave L. Pearce, Commissioner of Agriculture and Immigration for the State of Louisiana, and certain milk producers have moved to intervene as defendants, alleging that the order issued by the Secretary of Agriculture failed to comply with certain provisions of the Agricultural Marketing Act. While they may have a remedy under the Administrative Procedure Act, they may not inject any new issues into this injunction proceeding by way of intervention. State of Oklahoma By and Through Corporation Commission v. United States, 193 F.Supp. 261 (W.D.Okl., 1960).

For these reasons, the parties having agreed that no additional evidence would be offered upon an application for a permanent injunction, the motion for summary judgment granting a permanent injunction will be allowed, it appearing that there are no genuine issues of material fact. The application by defendant for allowance of attorney's fees is denied; and defendant is cast for costs.