**UNITED STATES of America,
Plaintiff,**

v.

**Fred A. BROWN and Jennie B. Brown,
doing business as Gem Dairy,
Defendants.**

**Civ. A. No. 7549.**

United States District Court
D. Colorado.

Dec. 27, 1962.

Lawrence M. Henry, U. S. Atty., for District of Colo., Merle R. Knous, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Creamer & Creamer, George Louis Creamer, Denver, Colo., for defendants.

DOYLE, District Judge.

Plaintiff has moved for summary judgment decreeing a mandatory injunction and an award of damages in an action instituted under Section 8a(6) of the Agricultural Marketing Act. The suit was brought to compel the defendants to comply with the provisions of Milk Order No. 137, as amended (7 C.F.R., Part 1137; formerly designated as Order No. 1, 7 C.F.R., Part 901). This is a regulation which pertains to the handling of milk in the eastern Colorado marketing area.

The defendants are doing business as Gem Dairy. Their principal place of business is located at 5300 Vallejo Street, Denver, Colorado. The Marketing Administrator, a duly appointed agent of the Secretary of Agriculture, who is empowered to administer the provisions of the Act in question together with the regulations issued pursuant thereto, has sought to subject the defendants to the provisions of the Milk Order.

The Administrator has ruled that the defendants are "handlers" within the meaning of the Act and the Order (7 C. F.R. 1137.9). The Browns have filed, under protest, the reports required by the Administrator, but have refused to recognize any liability to contribute to the Producers' Settlement Fund. They refuse to contribute on the ground that they are parties to contracts with suppliers; that under the terms of these contracts they are the owners of a one-tenth undivided interest in the cows which produce the milk and are the owners of the entire supply of milk produced by these cows. These contracts further provide that payments for the milk produced are compensation for services rendered by the suppliers and do not constitute the payment of purchase price for the milk itself.

Through various informal proceedings, the Administrator obtained the information set forth above. Most of it was supplied by the attorneys for the Browns by correspondence. The matter was never set for formal hearing.

Upon the basis of the facts thus obtained the Administrator determined the defendants were "handlers" and were subject to the Milk Order. The present action was instituted by the Government after demands had been made upon the Browns to pay the sums assessed against them as handlers and upon their refusal to comply with these demands.

The position of the defendants is that the effort on the part of the Administrator to exercise jurisdiction over them was, in view of the facts:

1) Unconstitutional and void; and

2) That the method followed by the Administrator in gathering the facts and making his determination constituted a deprivation of procedural due process of law;

3) That the order which the Administrator seeks to apply was issued subsequent to the contracts between the defendants and their suppliers; that by reason of this attempted impairment of a preexisting contract there is a deprivation of substantive due process of law;

4) That the amount has been assessed against them arbitrarily and constitutes the exaction of a penalty for utilization by the Browns of their own property.

The Government takes the position that this Court lacks jurisdiction to entertain the defendants' contentions inasmuch as there has been a failure on the part of the defendants to exhaust the administrative remedies which the Act provides and that until an appeal has been processed through the Secretary of Agriculture this Court is powerless to review the action of the Administrator.

It is said that this Court is restricted to determination of:

1) Whether the Market Administrator has found that the defendants are subject to a marketing order; and

2) Whether the defendants are presently violating such order.

Therefore, the limited issue for determination here is whether the defendants may in these enforcement proceedings obtain a judicial determination as to whether they are, or are not "handlers." This must be considered in the light of defendants' contention that their constitutional rights have been and are being infringed.

There can be no doubt concerning the authority to issue the milk order in question. This general regulatory scheme has been upheld by the Supreme Court in United States v. Rock Royal Co-Op. Inc., 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446. It is also clear that if the defendants were shown to be "handlers" they would be compelled to exhaust all administrative remedies prerequisite to determination of defenses for court determination. See United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290; United States v. Mills, (Md.1960) 185 F.Supp. 709; United States v. Ideal Farms, Inc., (3 Cir., 1958) 262 F.2d 334; United States v. Hinman Farms Products, (D.C.N. Dist.N.Y.1957) 156 F.Supp. 607.

■ Furthermore, the United States is entitled to mandatory injunctive relief when a violation has been established. Crull v. Wickard, (6 Cir., 1943) 137 F. 2d 406; United States v. Turner Dairy Co., (7 Cir., 1947) 162 F.2d 425.

■ The pendency of proceedings before the Secretary of Agriculture pursuant to Section 8c(15) (A) will not be the basis for staying the proceedings. The case at bar is somewhat unique in that the defendants contend that they are not "handlers" and thus that they are beyond the reach of the Act and of the regulations. Nevertheless, orderly procedure demands that the question be submitted first to the Secretary of Agriculture even though the constitutional issue is tendered. If, as defendants contend, they are in fact and in law beyond the reach of the Secretary and the Administrator, and if, as they further contend, an effort on the part of the Administrator to clas-

sify them as "handlers" constitutes a deprivation of procedural and substantive due process, it is impossible to see how an appeal to the Secretary could prejudice their legal position, particularly in the light of the fact that they have sought to raise the issue in court.

It is also to be noted that the regulation defining the term "handler" (7 C.F.R. 900.51 [i] Supp.1962) is broad indeed. It includes not only a person who is subject to a marketing order, but also one to whom a marketing order is sought to be made applicable. Therefore, the Market Administrator appears to have authority to act so as to prevent evasions and so as to offset efforts to circumvent regulation by legal techniques.

While recognizing the existence of authority under this court's general equity jurisdiction to hear constitutional defenses (see Crowell v. Benson, 285 U.S. 22, 54, 52 S.Ct. 285, 294, 76 L.Ed. 598; St. Joseph's Stockyards Co. v. United States, 298 U.S. 38, 56 S.Ct. 720, 80 L.Ed. 1033) ; nevertheless, where, as here, Congress has provided a regulatory scheme under which technical experts consider and determine the economic problems which arise under the regulations, which experts are in a superior position to assess the practical aspects of the attempted regulation, there should be and is a reluctance to interfere with the machinery which has been created to deal with the specific problems.

■ It is thus apparent that the question is more of timing and order of proceedings rather than of possible deprivation. The Court is, therefore, of the opinion that the defendants must exhaust their administrative remedies and must obtain a determination of their contention, at least as to the propriety of their classification as a "handler" from the Secretary of Agriculture before demanding a court adjudication of the Secretary's definitions and classifications as well as adjudication of the attendant constitutional questions.

■ The other aspect of the Government's position, namely, that this Court must without investigation of the facts and law, perfunctorily enter an interlocutory injunction and also enter a money judgment, is substantially lacking in palatability. It may be that the Congress intended that the Court act as a mechanical enforcing arm of the Department of Agriculture; however, the Act does not clearly express such a policy. It *does* declare that the pendency of an appeal from the Secretary to the Court shall not impede the Secretary from obtaining compliance relief. 7 U.S.C. § 608c(15) (B).

The Act also vests district courts of the United States with jurisdiction to enforce the regulations by enjoining their violation. 7 U.S.C. § 608a(6).

A careful reading of these two sections fails to reveal imposition by the Congress of a mandatory requirement on the court to grant relief of the kind here sought, regardless of the seeming merits of the defendants' contentions.

Based upon the foregoing expressions, it is concluded that the motion for summary judgment should be and is hereby held in abeyance for a period of thirty (30) days so as to give to the defendants an opportunity to process their contentions administratively. If the defendants choose to stand upon the record and if they do not tender evidence by way of filing a notice in Court that they are appealing the Administrator's ruling to the Secretary of Agriculture within the thirty-day period, the Court will then issue a mandatory injunction requiring the defendants to comply with Milk Order No. 137 and restraining defendants from all further violations of the Act and shall proceed to hear proofs looking to the entry of a money judgment covering all assessments to defendants. If the defendants pursue their administrative remedies in good faith looking to obtaining of the determination of the Secretary, the Court will postpone adjudication of their contentions and shall also postpone the imposition of a money judgment until the Secretary has ruled. This will permit the Court to entertain simultaneously defendants' appeal from the

Secretary and the Government's application for judgment. It is

FURTHER ORDERED that the defendants shall comply with the regulations insofar as they require reports and information pending the final decision as to their liability under the order.