Counsel for defendants will prepare, serve and submit for entry an order in conformity herewith.

**UNITED STATES of America, Plaintiff,**

v.

**Charles P. MOSBY, Jr. and John S. Mosby, as Individuals, & d/b/a Cedar Grove Dairy, Defendants.**

Civ. A. No. 1082.

United States District Court
S. D. Mississippi, E. D.

Sept. 21, 1963.

Alan J. Altheimer, Lionel G. Gross, David V. Kahn, Louis E. Rosen, Chicago, Ill., for plaintiff; Altheimer, Gray, Naiburg, Strasburger & Lawton, Chicago, Ill., of counsel.

Barnabas F. Sears, John E. Dreyer, James N. Kosmond, Sears, Streit & Dreyer, Chicago, Ill., for defendant.

COX, Chief Judge.

The United States, by its Attorney General at the instance of its Secretary of Agriculture, brought this suit under the Agricultural Marketing Agreement Act of 1937, as amended [7 U.S.C.1940 ed. § 608a(6)] for the enforcement and to enjoin violation by the defendants of an order of the Secretary numbered 87. The defendants are "handlers" of fluid milk in the central Mississippi marketing area embraced in that order. An audit revealed that the defendants were obligated to contribute to the producer settlement fund for January, February and March 1961, the principal sum of $3,423.-58. Audit adjustments revealed a further obligation of the defendants to contribute to said fund for the period beginning August 1959 and ending March 1961 in the sum of $2,400.05. The answer of the defendants is best characterized as the type and character of matter which the Act makes it necessary that such defendants address to the Secretary in a Title 7, § 608c(15) (A) petition.

Over the strenuous objection of the plaintiff in this case, the defendants' request for a stay of these proceedings was granted to enable the defendants to be heard on such a § 608c petition then

pending before the Secretary. The defendants' petition to the effect that said order was not in accordance with the law, and for a modification thereof, or to be exempt therefrom was overruled by the Judicial Officer on September 17, 1962, and no appeal or review was sought or perfected.

The plaintiff in this case has moved for summary judgment. The Market Administrator filed a verified statement showing the full applicability of this order number 87 to the operations of these fluid milk handlers and as to the said contribution due by them and in arrears to this fund. The answer of the defendants denies the correctness of this account, and it is stated by counsel at the bar that nothing is due; but if the account were correctly computed that it would not exceed two-thirds of this amount.

Significantly, this Court is vested with a very specific and limited power with respect to these orders. The Act provides that district courts "are vested with jurisdiction *specifically* to *enforce,* and to *prevent* and *restrain* any person from violating any order, regulation, or agreement, heretofore or hereafter made or issued pursuant to [section mentioned]." This administrative proceeding is committed by statute to the Secretary of Agriculture who is equipped and staffed to administer this complicated scheme relating to that department. When an order is not in accordance with the law, the Act expressly authorizes and requires an aggrieved person to complain thereof by petition to the Secretary. Section 608c(15) (A) makes his ruling thereon final "if in accordance with the law."

█ It is not within the province of this Court in this proceeding to inquire into or consider the prudence of that Act; its untoward effect upon any segment of people by any uneven administration of the Act; or the desirability or even necessity for an amendment to, alteration of or change in the order in suit. When a full hearing before the Secretary is had, all of the requirements of due process are met and the range of the function of this Court is at an end. It is not within the province of this Court in this proceeding to inquire into the accuracy of this account which is no more than legalistically disputed. The sole function of this proceeding is to enforce this order of the Secretary unless it is void and oppressive upon its face. It is not contemplated by this statutory scheme that any interminable delay be countenanced in such a hearing which would postpone the vitally necessary contribution to this producer settlement fund as required in this order. Time is of essence in an efficient operation of this marketing scheme which may very well be completely disrupted and nullified by such delays as have been experienced here. Absolute reliance of the milk industry upon the producer settlement fund for its support makes prompt payment into this fund imperative to keep it effective and to achieve its statutory purpose.

██ This handler consequently appears here with no real defense to this order yet seeking to litigate as a producer was permitted to do in Stark v. Wickard, Secretary of Agriculture, 321 U. S. 288, 64 S.Ct. 559, 88 L.Ed. 733. The position of a handler is in no wise similar to that of a producer who was simply given his day in court which the statute, as to him, did not there provide as it does for a handler. Criticism of the Act and its administration and mere formal denials of the accuracy of the money demand are not defensive to this suit. Such matters must be addressed to the Secretary of Agriculture as provided in the Act and as has been done in this case without effect. This proceeding is governed in its entirety by the rule announced in United States v. Ruzicka, et al., 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290, which is to the effect indicated. There does not appear in this case any genuine issue as to any material fact and the plaintiff is entitled to have its motion for a summary judgment sustained as a matter of law to the extent presently indicated.

The defendants have been producers since April 1, 1961, but have not been handlers since March 1961. The defendants, as producers, have thus enjoyed a benefit from said order without having contributed thereto as handlers as required thereby. Consequently, the plaintiff is entitled to a mandatory injunction against the defendants requiring them to pay the plaintiff the principal sum of $5,823.63 with 6% interest thereon from and after July 19, 1961, within ninety days after this date, but the request for an order of compliance with said order number 87 after April 1, 1961, is unnecessary and will be denied. The defendants will be taxed with cost. An order accordingly may be presented.