**Donald UELMEN and Pure Milk Products Cooperative, Plaintiffs-Appellants,**

v.

**Orville FREEMAN, Secretary of Agriculture of the United States, Defendant-Appellee.**

**No. 16376.**

United States Court of Appeals Seventh Circuit.

Dec. 21, 1967.

Certiorari Denied April 22, 1968.
See 88 S.Ct. 1413.

George M. St. Peter, Fond Du Lac, Wis., for appellants.

Alan S. Rosenthal and Walter H. Fleischer, Department of Justice, Civil Division, Washington, D. C., for appellee.

Before MAJOR, Senior Circuit Judge, and CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

The plaintiffs-appellants brought this action in the District Court seeking to enjoin the Secretary of Agriculture from continuing in effect a determination of equivalent prices relating to the pricing of milk under the Milwaukee Milk Marketing Order (7 C.F.R. 1039). The District Court in a well-reasoned opinion, reported at 267 F.Supp. 842, held (1) plaintiffs lacked standing to maintain the suit, and (2) the action of the Secretary was valid and authorized under the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 601 et seq., and entered an order dismissing the complaint. We agree with the reasoning of the opinion below, and we adopt the opinion as our own.

Accordingly, the order appealed from is affirmed.

Affirmed.

KILEY, Circuit Judge (dissenting).

I respectfully dissent. The Secretary concedes that if the change in the Milwaukee Order amended the formula included in that Order for the purpose of fixing minimum milk prices paid to producers by dairies, a hearing was required under the Agricultural Adjustment Act and the regulations promulgated thereunder before the amendment could take effect.[1]

The formula originally set up in the Milwaukee Order for establishing the minimum class I milk price consisted of three factors summarized by the district court in its opinion at 267 F.Supp. 842, 844, as follows:

1. The basic formula price (§ 1039.50) resulting from prices paid for manufacturing milk in Minnesota and Wisconsin adjusted to 3.5% butterfat basis at the rate of the butter price times 0.120;

2. To this add $1.08, $.68 or $.88 depending on the month involved (§ 1039.51(a)); and

3. Add or subtract the amount resulting from the supply-demand ratio computed under the Chicago Order (7 C.F.R. 1030) but not to exceed plus 24 or minus 24 cents (§ 1039.51(a)). In the event any of these pricing factors is not available, then § 1039.54 of the Order requires that the Secretary shall determine an equivalent pricing factor to be utilized in the price computation.

75% of the producers voted favorably on this Order.

After the Chicago Order was terminated by vote of the producers affected, thereby making the supply-demand ratio in factor (3) unavailable, the Secretary issued the Milwaukee Order before us. This Order substituted for the flexible figure dependent on the supply-demand ratio of "not to exceed plus 24 or minus 24 cents," the inflexible "equivalent" "minus 24 cents." The district court stated this was done because the Chicago

1. 7 U.S.C. Sec. 608c and 7 C.F.R. Secs. 900.1–900.407.

factor had been "minus 24 cents" for more than five years and would have continued at that level had the Chicago Order not been terminated. No justification is offered for determining that "minus 24 cents" is the equivalent of "not to exceed plus 24 or minus 24 cents." Neither the provisions of the Act or the Order give authority to substitute a nonequivalent factor in the formula because of the five year use without holding the hearing required under 7 U.S.C. Sec. 608c.

The change in the Order is not a mere substitute of the Chicago referent into the Milwaukee Order for a temporary period during the emergency caused by the rescission of the Chicago Order. The change is the substitution of a new factor, i. e., "minus 24 cents" to be used instead of the Chicago referent, and the change is permanent unless the Milwaukee Order producers are given a hearing at which they might have the opportunity to rescind the Order or the part in issue here.

The district court also decided to dismiss on the alternative ground that even if the change in the formula was an amendment which required a hearing, milk producers had no standing to object to the failure of the Secretary to hold such a hearing. The district court and the Secretary rely on Benson v. Schofield, 98 U.S.App.D.C. 424, 236 F.2d 719, to support this holding. Appellants rely on Stark v. Wickard, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733, and on Blair v. Freeman, 125 U.S.App.D.C. 207, 370 F.2d 229, to support their argument in favor of standing. These cases are not in point, however, since they all involve attempts by producers to attack an action of the Secretary which affected the minimum price they would be paid for milk but did not violate any specific right given the producers under the Agricultural Adjustment Act. Here the producers allege that the Secretary failed to hold a hearing which the Act required him to hold. Upon the holding of such a hearing the producers, as interested parties, are entitled to present

evidence. 7 C.F.R. Sec. 900.8(b). Moreover, before any amendment, proposed after a hearing, could take effect it would have to be approved by a vote of the producers. 7 U.S.C. Sec. 608c(8) (A) and (B). Because the Secretary's alleged violation of the Act denied producers rights which are granted under the Act they have standing to assert the alleged illegality in the federal courts.

In my opinion the district court judgment is wrong. I think the Secretary abused his discretion and exceeded his authority. I would reverse and remand with directions to order the Secretary to conduct a hearing on the Order as amended and to give the producers an opportunity to vote on whether or not to continue in effect the Order issued. I would not grant the injunction sought since I believe that the Secretary could allow the present Order including the amendment to remain in effect pending the outcome of the hearing.