**UNITED STATES of America**

**v.**

**COUNTRY LAD FOODS, INC.**

**Civ. A. No. 14264.**

United States District Court,
N. D. Georgia,
Atlanta Division.

March 16, 1971.

John W. Stokes, Jr., U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Swertfeger, Scott, Pike & Simmons, Decatur, Ga., for defendant.

ORDER

EDENFIELD, District Judge.

This is an action brought by the United States pursuant to Section 8a(6) of the Agricultural Marketing Agreement Act of 1937 (hereinafter Act) to require defendant to comply with the Act and with Federal Milk Marketing Order No. 7 issued pursuant to the Act. (7 C.F.R. 1007.) The government alleges that the Market Administrator appointed by the Secretary of Agriculture has determined that defendant is a milk handler within the provisions of 7 C.F.R. 1007.13. The government also claims that defendant has failed to make payments to a producer-settlement fund required by 7 C.F.R. 1007.62 and 1007.74 and to an administrative expense fund required by 7 C.F.R. 1007.77 and 1007.79. Furthermore, the government claims defendant will continue to violate these provisions. Consequently, the government seeks a mandatory injunction requiring defendant to comply with the Act and with Milk Order

No. 7, and a permanent injunction preventing defendant from handling milk in violation of the Act and the Order. Defendant's answer admits that it has been classified as a handler by the Market Administrator, and admits that it has made no payments to the producer-settlement fund.

The government has moved from summary judgment. The government's motion is supported by the affidavit of E. Hickman Greene, Market Administrator for the Georgia Marketing Area. The Administrator avers he has determined that defendant is a "handler", subject to the provisions of Milk Order No. 7, and that defendant is indebted to the producer settlement fund in the amount of $22,975.20 and the administrative expense fund in the amount of $332.21. In response, defendant contends the Market Administrator erred in ruling that defendant is a handler of milk or milk products subject to Milk Order No. 7. Defendant contends further that if it is brought within the provisions of Milk Order No. 7, the enabling Act (Agricultural Marketing Agreement Act) will be unconstitutional because that Act is based on the commerce clause and defendant's product is not in interstate commerce. Defendant also argues that this enforcement action should be delayed until defendant exhausts his administrative and judicial remedies regarding whether defendant is subject to the provisions of Milk Order No. 7 and the Act. Defendant's supporting affidavit does not contradict the government's claims (1) that the Administrator has determined that defendant is subject to Milk Order No. 7 and (2) that defendant has refused to pay the amounts alleged to be due.

The government's motion and defendant's response go to the heart of an enforcement action brought pursuant to 7 U.S.C.A. § 608a(6) which provides:

"The several district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating any order, regulation, or agreement, heretofore or hereafter made or issued pursuant to this chapter, in any proceeding now pending or hereafter brought in said courts."

The essential question is what defenses may a person raise when he is subjected to an Administrator's Milk Order, and what procedure should be employed in raising these defenses. The statute clearly provides the procedure for raising defenses to an Administrator's order. Section 608c(15) (A) provides for an administrative appeal to the Secretary of Agriculture from any order or obligation imposed by the order on the grounds that the order is not in accordance with the law.[1] After the Secretary of Agriculture has ruled, § 608c(15) (B) provides for review of the Secretary's ruling in District Court.[2] However, the

1. Section 608c(15) (A) provides: "Any handler subject to an order may file a written petition with the Secretary of Agriculture, stating that any such order or any provision of any such order or any obligation imposed in connection therewith is not in accordance with law and praying for a modification thereof or to be exempted therefrom. He shall thereupon be given an opportunity for a hearing upon such petition, in accordance with regulations made by the Secretary of Agriculture, with the approval of the President. After such hearing, the Secretary shall make a ruling upon the prayer of such petition which shall be final, if in accordance with law."

2. Section 608c(15) (B) provides in part: "The District Courts of the United States

in any district in which such handler is an inhabitant, or has his principal place of business, are vested with jurisdiction in equity to review such ruling, provided a bill in equity for that purpose is filed within twenty days from the date of the entry of such ruling. Service of process in such proceedings may be had upon the Secretary by delivering to him a copy of the bill of complaint. If the court determines that such ruling is not in accordance with law, it shall remand such proceedings to the Secretary with directions either (1) to make such ruling as the court shall determine to be in accordance with law, or (2) to take such further proceedings as, in its opinion, the law requires. * * *"

statute makes it clear that a § 608c(15) proceeding for review initiated by a defendant cannot delay a § 608a(6) enforcement proceeding initiated by the government:

"* * * The pendency of proceedings instituted pursuant to this subsection (15) shall not impede, hinder, or delay the United States or the Secretary of Agriculture from obtaining relief pursuant to section 608a(6) of this title. Any proceedings brought pursuant to section 608a(6) of this title (except where brought by way of counterclaim in proceedings instituted pursuant to this subsection) shall abate whenever a final decree has been rendered in proceedings between the same parties, and covering the same subject matter, instituted pursuant to this subsection (15)." 7 U.S.C.A. § 608c(15) (B).

In United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 (1946), the Supreme Court was faced with facts quite similar to those here. The Court's holding in *Ruzicka* precludes any consideration by this court of the defenses defendant attempts to raise in this enforcement proceeding:

"To be sure, Congress did not say in words that, in a proceeding under § 8a (6) to enforce an order, a handler may not question an obligation which flows from it. But meaning, though not explicitly stated in words, may be inbedded in a coherent scheme. And such we find to be the provisions taken in their entirety, as a means for attaining the purposes of the Act while at the same time protecting adequately the interests of individual handlers.

"The procedure devised by Congress explicitly gave to an aggrieved handler an appropriate opportunity for the correction of errors or abuses by the agency charged with the intricate business of milk control. In addition, if the Secretary fails to make amends called for by law the handler may challenge the legality of the Secretary's ruling in court. Handlers are thus assured opportunity to establish claims of

grievances while steps for the protection of the industry as a whole may go forward. Sections 8a(6) and 8c(15) thus form a complementary procedural scheme. Contrariwise, it would make for disharmony to extrapolate from these provisions of the statute the right to consider independently, in a proceeding by the Government for the enforcement of the Secretary's order, questions for which Congress explicitly furnished the handler an expert forum for contest with ultimate review by a district court.

"The situation before us indicates how disruptive it would be to allow issues that may properly come before a district court in a proceeding under § 8c(15) to be open for independent adjudication in a suit for enforcement under § 8a(6). After a presumably careful study by those technically equipped, a program was devised for the dairy farmers in one of the large areas of the country. The success of the operation of such Congressionally authorized milk control must depend on the efficiency of its administration. Promptness of compliance by those subject to the scheme is the presupposition of Order No. 41. Thus, definite monthly deadlines are fixed by the Order for every step in the program. In large measure, the success of this scheme revolves around a 'producers' fund which is solvent and to which all contribute in accordance with a formula equitably determined and of uniform applicability. Failure by handlers to meet their obligations promptly would threaten the whole scheme. Even temporary defaults by some handlers may work unfairness to others, encourage wider non-compliance, and engender those subtle forces of doubt and distrust which so readily dislocate delicate economic arrangements. To make the vitality of the whole arrangement depend on the contingencies and inevitable delays of litigation, no matter how alertly pursued, is not a result to be attributed to Congress unless support for it is much more manifest than we

here find. That Congress avoided such hazards for its policy is persuasively indicated by the procedure it devised for the careful administrative and judicial consideration of a handler's greivance. It thereby safeguarded individual as well as collective interests. In the case before us, administrative proceedings were instituted before the Secretary of Agriculture and, apparently, are awaiting his action. Presumably the Secretary of Agriculture will give the respondents the rights to which Congress said they were entitled. If they are dissatisfied with his ruling, they may question it in a district court. The interests of the entire industry need not be disturbed in order to do justice to an individual case." 329 U.S. 292–294, 67 S.Ct. 209–210. *See also* United States v. Turner Dairy Co., 162 F.2d 425 (7th Cir. 1947); Chapman v. United States, 139 F.2d 327 (8th Cir. 1943).

In an enforcement proceeding brought pursuant to § 608a(6), "[t]he sole issue to be determined. \* \* \* is whether the market administrator, who is charged with the administration of the marketing order, has determined that the defendant, by virtue of the conduct of its operations, is subject to the marketing order and is presently violating the provisions of such regulation." United States v. Yadkin Valley Dairy Cooperative, Inc., 209 F.Supp. 634 (M.D.N.C. 1962), aff'd. 315 F.2d 867 (4th Cir. 1963); United States v. Farm Dairy Cooperative, Inc., 298 F.Supp. 769 (N.D. W.Va.1969). As stated above, the defendant's answer admits that the Administrator has determined that defendant is a "handler" and subject to the Act. The answer also admits that nothing has been paid to the producer settlement fund. Furthermore, the government's motion for summary judgment is supported by the affidavit of the Market Administrator averring that defendant is subject to the Act and has violated it by refusing to pay amounts alleged to be due. The

defendant's response, though accompanied by an affidavit, does not contradict these material facts. There are no other facts material to the considerations now before this court. On the basis of the facts set out above, the government is entitled to relief as a matter of law. The government's motion for summary judgment is granted; and counsel are requested to submit an appropriate judgment order to the court within ten days.[3]

---

3. Because of the disposition made above, the government's motion for protective order, filed during the preparation of this opinion, need not be considered.