**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**LAMARS DAIRY, INC., et al.,
Defendants-Appellees.**

**No. 73–1889.**

United States Court of Appeals,
Seventh Circuit.

Argued April 9, 1974.

Decided July 10, 1974.

Irving Jaffe, Acting Asst. Atty. Gen., William Kanter and Barbara L. Herwig, Attys., Dept. of Justice, Washington, D. C., David J. Cannon, U. S. Atty., Milwaukee, Wis., for plaintiff-appellant.

Roy J. Josten, Racine, Wis., for defendants-appellees.

Before SWYGERT, Chief Judge, SPRECHER, Circuit Judge, and NOLAND, District Judge.[*]

SPRECHER, Circuit Judge.

This appeal from the denial of plaintiff's motion for summary judgment is before the court as an appeal from an interlocutory order under 28 U.S.C. § 1292(b).

Pursuant to the Agricultural Adjustment Act, 7 U.S.C. § 601 et seq., the Secretary of Agriculture promulgated Federal Milk Order No. 30, 7 C.F.R. Part 1030. From the effective date of the order in 1968 until sometime in 1971, defendants made payments into the producer settlement fund. The federal milk market administrator thereafter determined that defendants were "handlers" [1] and were in violation of the order by refusing to make payments into the fund.

On August 28, 1972, the United States brought suit to enforce the order under the authority of 7 U.S.C. § 608a(6).[2] Defendants answered the complaints with several affirmative defenses based on constitutional claims and an additional defense that the administrator had incorrectly determined them to be handlers. Plaintiff moved for summary judgment.

---

[*] District Judge James E. Noland of the Southern District of Indiana is sitting by designation.

1. 7 C.F.R. § 1030.13 states in part: " 'Handler' means: (a) Any person in his capacity as the operator of one or more pool plants. . . . "

2. The several district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating any order, regulation, or agreement, heretofore or hereafter made or issued pursuant to this chapter, in any proceeding now pending or hereafter brought in said courts.

The district judge denied the motion because he believed there was a material issue of fact involving defendants' classification as handlers.

The definitive interpretation of the Agricultural Adjustment Act's enforcement scheme is the Supreme Court's opinion in United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 (1946). The Ruzickas defended against a § 608a(6) suit on the ground that the administrator's inspection of their accounts and tests of their products had been faulty and improper. The Supreme Court held that a defendant could not resist a claim under § 608a(6) without having pursued its administrative remedies and judicial review of the administrative decision under § 608c(15).[3]

Lower courts almost without exception have followed Ruzicka by refusing to al-low § 608a(6) defendants to raise any issues—even constitutional challenges—that have not been tried in § 608c(15) proceedings.[4]

Defendants attempt to distinguish their case from Ruzicka on the ground that the Ruzickas admitted they were handlers, while defendants do not. Other courts have rejected such a distinction. United States v. Country Lad Foods, Inc., 327 F.Supp. 395 (N.D.Ga. 1971); United States v. Sterling Davis Dairy, 18 A.D. 780 (D.N.J.1959); United States v. Hinman Farms Products, Inc., 156 F.Supp. 607 (N.D.N.Y.1957). The many reasons listed in Ruzicka for the necessity of administrative exhaustion apply as strongly to a defense of incorrect classification as to a defense of improper inspection of accounts.

3. (A) Any handler subject to an order may file a written petition with the Secretary of Agriculture, stating that any such order or any provision of any such order or any obligation imposed in connection therewith is not in accordance with law and praying for a modification thereof or to be exempted therefrom. He shall thereupon be given an opportunity for a hearing upon such petition, in accordance with regulations made by the Secretary of Agriculture, with the approval of the President. After such hearing, the Secretary shall make a ruling upon the prayer of such petition which shall be final, if in accordance with law.

(B) The District Courts of the United States in any district in which such handler is an inhabitant, or has his principal place of business, are vested with jurisdiction in equity to review such ruling, provided a bill in equity for that purpose is filed within twenty days from the date of the entry of such ruling. Service of process in such proceedings may be had upon the Secretary by delivering to him a copy of the bill of complaint. If the court determines that such ruling is not in accordance with law, it shall remand such proceedings to the Secretary with directions either (1) to make such ruling as the court shall determine to be in accordance with law, or (2) to take such further proceedings as, in its opinion, the law requires. *The pendency of proceedings instituted pursuant to this subsection (15) shall not impede, hinder, or delay the* *United States or the Secretary of Agriculture from obtaining relief pursuant to section 608a(6) of this title.* Any proceedings brought pursuant to section 608a(6) of this title (except where brought by way of counterclaim in proceedings instituted pursuant to this subsection) shall abate whenever a final decree has been rendered in proceedings between the same parties, and covering the same subject matter, instituted pursuant to this subsection (15). (Emphasis added.)

4. United States v. Yadkin Valley Dairy Cooperative, Inc., 315 F.2d 867 (4th Cir. 1963); United States v. Ideal Farms, Inc., 262 F.2d 334 (3d Cir. 1958); United States v. Turner Dairy Co., 166 F.2d 1 (7th Cir.), cert. denied, 335 U.S. 813, 69 S.Ct. 29, 93 L.Ed. 368 (1948); United States v. Abbotts Dairies, 315 F.Supp. 571 (E.D.Pa.1970); United States v. Farm Dairy Cooperative, Inc., 298 F.Supp. 769 (N.D.W.Va.1969); United States v. Mosby, 221 F.Supp. 624 (S. D.Miss.1963); United States v. Sanitary Dairy Products, Inc., 211 F.Supp. 185 (W.D. La.1962); United States v. Mills, 185 F. Supp. 709 (D.Md.1960).

The same rule of exhaustion of administrative remedies is employed in criminal proceedings under the Act (Panno v. United States, 203 F.2d 504 (9th Cir. 1953)) and in suits against the government for injunctive or declaratory relief (Uelmen v. Freeman, 388 F.2d 308 (7th Cir. 1967), cert. denied, 390 U.S. 1026, 88 S.Ct. 1413, 20 L.Ed.2d 283 (1968); Hygeia Dairy Co. v. Benson, 151 F.Supp. 661 (S.D.Tex.1957)).

There are only two cases where a judge denied or postponed the granting of a § 608a(6) injunction without exhaustion under § 608c(15). One is United States v. Tapor-Ideal Dairy Co., 175 F.Supp. 678 (N.D.Ohio 1959). The defendant allegedly owed money not to a marketing pool but directly to a cooperative. Its defense was accord and satisfaction, since the cooperative had accepted a check tendered by defendant as payment in full. The judge said he could decide issues "so long as they are strictly of a legal nature, require no special understanding of the milk industry, and the assumption of jurisdiction would not hinder or adversely affect the orderly administration of the program." 175 F.Supp. at 682. None of the above characterizations is true of defendants' claim that they are not handlers.

The second case is actually a series of cases under the name United States v. Brown. The first opinion appears at 211 F.Supp. 953 (D.Colo.1962). Defendants denied they were handlers because they "owned" 10 percent of their producers' cows. The district court postponed ruling on the government's motion for summary judgment to allow defendants to begin proceedings under § 608c(15). The court again postponed adjudication during pending administrative proceedings at 217 F.Supp. 285 (D. Colo.1963), aff'd, 331 F.2d 362 (10th Cir. 1964). The judge expressed the opinion that the Secretary was not entitled to injunctive relief because defendants' status as handlers was a matter of considerable doubt. Finally the Secretary ruled that defendants were handlers. The district judge consolidated the § 608c(15)(B) review with the § 608a(6) suit and agreed with the Secretary that defendants were subject to the order. 23 A.D. 1323 (D.Colo.1964), aff'd, 367 F.2d 907 (10th Cir. 1966), cert. denied, 387 U.S. 917, 87 S.Ct. 2028, 18 L.Ed.2d 969 (1967).

The *Brown* cases illustrate the folly of deviating from the statutory enforcement scheme under the Agricultural Adjustment Act. The same district judge who had so many doubts as to the applicability of the Act to defendants became totally convinced defendants were handlers, once he had the benefit of the Secretary's opinion. Meanwhile, years passed without defendants' paying into the fund.

The only forum open to defendants for adjudication of their affirmative defenses is a hearing before the Secretary of Agriculture under § 608c(15). The district judge erred in considering those defenses in the § 608a(6) proceeding. Therefore the order of the district court is vacated and the case is remanded for further proceedings.

Vacated and remanded.