**UNITED STATES of America**

v.

**UNITED DAIRY FARMERS COOPERATIVE ASSOCIATION, Appellant.**

**No. 79–1702.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 12, 1979.

Decided Dec. 28, 1979.

---

Oliver N. Hormell, California, Pa., for appellant.

Robert J. Cindrich, U. S. Atty., Jeffrey A. Manning, Asst. U. S. Atty., Pittsburgh, Pa., Terrence G. Jackson, Raymond W. Fullerton, Director, Litigation Div., Garrett B. Stevens, U. S. Dept. of Agriculture, Washington, D. C., for appellee.

Before ADAMS, ROSENN and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The question posed in this appeal is whether United Dairy Farmers Cooperative Association (United Dairy) is a "handler" of milk within the meaning of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C. 608c (1976). United Dairy asserts that it is not a handler and therefore need not comply with Federal Milk Marketing Order No. 36, 7 C.F.R. § 1036 (1978), nor must it exhaust the administrative remedies provided in the statute before it may defend the action brought by the Secretary of Agriculture's Market Administrator to enforce the Order. The district court, holding that the administrative route must be taken, granted the Administrator's motion for summary judgment and directed the dairy cooperative to comply with the Order. Because the uncontroverted allegations in the pleadings and the affidavits establish that United Dairy is a handler of milk within the statutory definition, we affirm.

The statute at issue authorizes the Secretary of Agriculture to issue orders setting minimum prices, varying from region to

region, that handlers must pay to producers of milk, as well as the timing and method of payment.[1] The Government brought this enforcement proceeding alleging that United Dairy violated section 73 of Order No. 36, 7 C.F.R. 1036.73 (1978), by failing to pay producers on or before the eighteenth day after the end of the month. The unpaid amounts as of the end of July 1978 were alleged to be $7,468.93. In its answer United Dairy denied that it was a handler of milk within the jurisdiction of the Act or the Order, denied that it violated the Order, and specifically denied that any payments to producers had been wrongfully withheld.

United Dairy claims that it is not a handler within the definition of the Order at 7 C.F.R. 1036.9 (1978) because

> [a]ll of the farmers for whom the government is claiming that certain amounts of money are due, were members of the Defendant Cooperative Association. As members of that Association, they produced milk which was transported to processing facilities owned by the cooperative, where the milk was processed, taken to stores also owned by the Cooperative, and sold to the public. The title to the product in effect is the inventory of the cooperative until the consumer buys it. The product therefore sold to the consumer is in effect the inventory of the cooperative.

Appellant's Brief at 4.

The Department of Agriculture's regulations define handlers with a fair degree of specificity.[2] The statute, however, is quite general. It empowers the Secretary to issue orders "applicable to processors, associations of producers, and others engaged in the handling of any agricultural commodity or product thereof specified [as is milk] in subsection (2) of this section. Such persons are referred to in this chapter as 'handlers.'" 7 U.S.C. § 608c(1) (1976). Subsection 15(A) states that "[a]ny handler subject to an order may file a written petition with the Secretary of Agriculture, stating that any such order or any provision of any such order or any obligation imposed in connection therewith is not in accordance with law and praying for a modification thereof or to be exempted therefrom." The statute further entitles the handler to a hearing on the petition and to judicial review of the Secretary's ruling. *Id.* § 608c(15)(B).

■ It has long been established that the administrative relief provided in the statute is not merely permissive but exclusive in the first instance: any challenge to the applicability of an order must first be made administratively. *United States v. Ruzicka*,

---

1. The milk industry is thought to have economic characteristics "so eccentric that economic controls have been found at once necessary and difficult." *H. P. Hood & Sons v. Dumond*, 336 U.S. 525, 529, 69 S.Ct. 657, 661, 93 L.Ed. 865 (1949). Fluid milk must be consumed relatively quickly after production, yet it is subject to wide seasonal variations in supply. Milk marketing orders are designed to guarantee farmers a minimum standard price despite fluctuations in the market because of greater production in the spring and summer than in the fall and winter. *See Zuber v. Allen*, 396 U.S. 168, 172–73, 90 S.Ct. 314, 24 L.Ed.2d 345 (1969). The economic factors that caused Congress to confer such broad regulatory powers on the Secretary of Agriculture are described in detail in *Nebbia v. New York*, 291 U.S. 502, 516–18, 54 S.Ct. 505, 78 L.Ed. 940 (1934); *United States v. Rock Royal Co-operative, Inc.*, 307 U.S. 533, 548–50, 59 S.Ct. 993, 83 L.Ed. 1446 (1939), and in *Zuber v. Allen*, 396 U.S. at 172–79, 90 S.Ct. 314.

2. "Handler" means:

(a) Any person in his capacity as the operator of one or more pool plants;

(b) Any cooperative association with respect to producer milk which it causes to be diverted for its account from a pool plant of another handler to a nonpool plant;

(c) Any cooperative association with respect to milk of its producer-members which is delivered from the farm to the pool plant of another handler in a tank truck owned and operated by or under contract to such cooperative association. The milk for which a cooperative association is the handler pursuant to this paragraph shall be deemed to have been received at the location of the pool plant to which it was delivered;

(d) Any person in his capacity as the operator of a partially regulated distributing plant;

(e) Any producer-handler; and

(f) Any person in his capacity as the operator of an other order plant that is either a distributing plant or a supply plant.

7 C.F.R. 1036.9 (1978).

329 U.S. 287, 294, 67 S.Ct. 207, 91 L.Ed. 290 (1946).[3] Moreover, any enforcement proceeding initiated by the Secretary will not be stayed or impeded while the handler pursues his administrative remedies.[4]

█ The cases are clear, as United Dairy seems to concede,[5] that a handler must exhaust its administrative remedies before challenging the Secretary's Order, even if the challenge is only by way of defense to the Secretary's enforcement action in federal court.[6] Because United Dairy is, by its own admission, an association of milk producers that transports, processes, and distributes milk for sale to the public,[7] it is a handler within the meaning of the statute and must therefore take the administrative route to contest the Secretary's Order. There is evidence in the record that United Dairy had notice that the Secretary considered it to be a handler and expected the cooperative to comply with the terms of the Order.[8]

█ We need not decide on this appeal whether the cooperative is a handler within the more specific definition of the Order,[9] whether the Order is valid in general or as applied to United Dairy, or whether the Order was in fact violated. All these matters are for the agency to consider in the first instance.

Accordingly, the judgment of the district court will be affirmed.

---

3. In *Ruzicka* the Supreme Court stated:
It is suggested that Congress did not authorize a district court to enforce an order not "in accordance with law." The short answer to this rather dialectic point is that whether such an order is or is not in accordance with law is not a question that brings its own immediate answer, or even an answer which it is the familiar, everyday business of courts to find. Congress has provided a special procedure for ascertaining whether such an order is or is not in accordance with law. The questions are not, or may not be, abstract questions of law. Even when they are formulated in constitutional terms, they are questions of law arising out of, or entwined with, factors that call for understanding of the milk industry. And so Congress has provided that the remedy in the first instance must be sought from the Secretary of Agriculture. It is on the basis of this ruling, and of the elucidation which he would presumably give to his ruling, that resort may be had to the courts.
329 U.S. at 294, 67 S.Ct. at 210; *accord United States v. Ideal Farms, Inc.*, 262 F.2d 334 (3d Cir. 1958); *United States v. Lamars Dairy*, 500 F.2d 84 (7th Cir. 1974).

4. "Congress seems to have emphasized the different functions in the enforcement of the Act that [7 U.S.C. § 608a] and § [608c] serve by explicitly directing that the proceedings for relief instituted by a handler under § [608c] shall not "impede, hinder, or delay" enforcement proceedings by the United States under § [608a]." *United States v. Ruzicka*, 329 U.S. at 294, 67 S.Ct. 207.

5. *See* Appellant's Brief at 9 ("[T]he handler must exhaust his administrative remedies as provided for in the Statute.")

6. *See* notes 3–4 *supra* (citing sources).

7. In his affidavit Ernest N. Hayes, president of United Dairy, stated that the members of the Cooperative "produced milk which was or is being transported to processing facilities owned by the Cooperative, where the milk was or is being processed, taken to stores also operated by the Cooperative, and sold to the public." This Court long ago held that producers who also function as handlers, even those who deal partially in milk produced at their own facilities, are subject to regulation under this statute. *Ideal Farms, Inc. v. Benson*, 288 F.2d 608 (3d Cir. 1961), *cert. denied*, 372 U.S. 965, 83 S.Ct. 1087, 10 L.Ed.2d 128 (1963).

8. The Hayes affidavit states that "*United Dairy* . . . has received a request . . . from the Government to pay the people involved," but asserts that no order was issued that would have entitled the cooperative to a hearing before the Secretary. *See* 7 U.S.C. § 608c(15)(A) (1976) (providing administrative remedy to any "handler" subject to an order). The order triggering the administrative remedy, however, is the regulation itself, 7 C.F.R. § 1036, embodying Milk Marketing Order No. 36.

9. The question of agency jurisdiction pursuant to its own regulations is precisely the type of issue on which courts would benefit from the agency's expertise. *Cf. In re Restland Memorial Park*, 540 F.2d 626, 628 (3d Cir. 1976) (requiring exhaustion of administrative remedies so that administrative tribunal may decide statutory issue of agency's jurisdiction).