**UNITED STATES of America,**
**Plaintiff, Appellee,**

v.

**DAYLIGHT DAIRY PRODUCTS, INC.,**
**Defendant, Appellant.**

**No. 86–2141.**

United States Court of Appeals,
First Circuit.

Argued May 7, 1987.

Decided June 29, 1987.

Maurice M. Cahillane with whom Egan, Flanagan and Egan, P.C. was on brief, for defendant, appellant.

* Of the District of Massachusetts, sitting by desig-

Raymond W. Fullerton, Asst. Gen. Counsel, with whom Robert S. Mueller, U.S. Atty., Henry L. Rigali, Asst. U.S. Atty., James Michael Kelly, Associate Gen. Counsel, and Margaret M. Breinholt, Deputy Asst. Gen. Counsel, were on brief, for plaintiff, appellee.

Before BOWNES and BREYER, Circuit Judges, and CAFFREY,* Senior District Judge.

BREYER, Circuit Judge.

The United States brought this action against appellant, Daylight Dairy Products, Inc., a milk handler, asking the district court to "enforce ... [a milk marketing] order" of the Secretary of Agriculture. *See* 7 U.S.C. § 608a(6) (granting federal district courts jurisdiction to enforce marketing orders) (reprinted in Appendix). The order in question, Milk Marketing Order No. 1, requires appellant to make certain "payments[s]" to two producers' cooperatives, 7 C.F.R. § 1001.74(d)(2), (3), payments that appellant said it had already made in the form of secured promissory notes that the cooperatives accepted as payment. The United States, however, claims that the Department of Agriculture, acting through its milk marketing administrator, has interpreted the word "payment" in Order No. 1 to mean "cash payment," or at least to exclude payment in the form of a promissory note, which it says is simply a promise to pay in the future.

As authority for what it says is the "longstanding" agency interpretation of the word "payment," the United States cites two affidavits of two market administrators, which simply state that, despite the promissory notes, appellant has not complied with Order No. 1. Although these affidavits fail to set forth directly the Department's interpretation of the relevant word, "payment," we believe that they make out an administrative interpretation along the lines the government suggests. Appellant's claim that it has made "payment" therefore amounts to a disagreement with the Secretary about the legal

nation.

meaning of an "obligation" imposed in connection with a milk marketing order, 7 U.S.C. § 608c(15)(A), namely an asserted "obligation" to pay in cash.

The governing statute provides specific *administrative* procedures for resolving disagreements of this sort. *See* 7 U.S.C. § 608c(15)(A) (reprinted in Appendix). It says that a handler "may file a written petition with the Secretary of Agriculture, stating that ... any obligation imposed in connection [with a marketing order] is not in accordance with law and praying for a modification thereof...." *Id.* A long line of legal authority, beginning with *United States v. Ruzicka*, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 (1946), makes clear that this administrative procedure is exclusive in the sense that a district court, when enforcing a marketing order, cannot consider legal challenges to the order until after the handler has pursued his administrative remedy. *See, e.g., Navel Orange Administrative Committee v. Exeter Orange Co.*, 722 F.2d 449, 452 (9th Cir.1983); *Willow Farms Dairy v. Benson*, 181 F.Supp. 798 (D.Md.), *aff'd*, 276 F.2d 856 (4th Cir.1960). This authority applies to disputes, like this one, about the legal meaning of words in a milk marketing order. *See, e.g., United States v. United Dairy Farmers Cooperative Association*, 611 F.2d 488 (3d Cir. 1979); *United States v. Lamars Dairy*, 500 F.2d 84 (7th Cir.1974). The governing statute also provides that pendency of the administrative proceeding "shall not impede, hinder, or delay" district court enforcement of an order. 7 U.S.C. § 608c(15)(B). The district court followed that authority in this case. It directed appellant, pursuant to Order No. 1, to make immediate cash payment in full, and it refused to consider appellant's argument that it had already made "payment." *United States v. Daylight Dairy Products*, 646 F.Supp. 566 (D.Mass.1986).

We have found no reason to doubt the correctness of the district court's decision. In *Ruzicka*, Justice Frankfurter clearly articulated the reasons underlying Congress's creation of this special procedure for resolving disputes about marketing or-

ders. *See* 329 U.S. at 294, 67 S.Ct. at 210 (emphasizing that questions about the legal interpretation of marketing orders may be "entwined with[ ] factors that call for understanding of the milk industry"). The federal courts have consistently followed *Ruzicka. See Navel Orange Administrative Committee v. Exeter Orange Co.*, 722 F.2d at 449, 452; *United States v. United Dairy Farmers Cooperative Association*, 611 F.2d at 488; *United States v. Lamars Dairy*, 500 F.2d at 84; *Willow Farms Dairy v. Benson*, 181 F.Supp. at 798, *aff'd*, 276 F.2d at 856. In the course of our own research, we have found one case arguably to the contrary. *See United States v. Tapor-Ideal Dairy*, 175 F.Supp. 678 (N.D. Ohio 1959). In that case, as in this one, the government contended that a milk handler had failed to make certain minimum monthly payments to a producers' cooperative. The defendant said that it had made overpayments in some months that offset underpayments in other months and claimed the defense of accord and satisfaction. The government answered that payment must be made in full *each month* and that, moreover, the district court lacked jurisdiction, under section 8c(15)(A), to consider the defense of accord and satisfaction until the defendant had raised it before the Secretary. It asked the court to enforce the marketing order and to require the defendant to pay (again) the amounts owed for the underpaid months. The court refused and proceeded instead to consider the defense of accord and satisfaction and to dismiss the complaint. In the court's view, deciding the issue of accord and satisfaction (1) "require[d] no special understanding of the milk industry" and (2) "would not ... adversely affect the orderly administration of the program." *Id.* at 682. Like the seventh circuit, which declined to follow *Tapor-Ideal* in *United States v. Lamars Dairy*, 500 F.2d at 84, 86, we find neither of these conditions present here.

The judgment of the district court is

*Affirmed.*

## APPENDIX

## AGRICULTURAL ADJUSTMENT

### Ch. 26

7 § 608

### § 608a. Enforcement of chapter
### Jurisdiction of district courts

(6) The several district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating any order, regulation, or agreement, heretofore or hereafter made or issued pursuant to this chapter, in any proceeding now pending or hereafter brought in said courts.

### § 608c. Orders regulating handling of commodity

### Petition by handler for modification of order or exemption; court review of ruling of Secretary

(15)(A) Any handler subject to an order may file a written petition with the Secretary of Agriculture, stating that any such order or any provision of any such order or any obligation imposed in connection therewith is not in accordance with law and praying for a modification thereof or to be exempted therefrom. He shall thereupon be given an opportunity for a hearing upon such petition, in accordance with regulations made by the Secretary of Agriculture, with the approval of the President. After such hearing, the Secretary shall make a ruling upon the prayer of such petition which shall be final, if in accordance with law.

(B) The District Courts of the United States in any district in which such handler is an inhabitant, or has his principal place of business, are vested with jurisdiction in equity to review such ruling, provided a bill in equity for that purpose is filed within twenty days from the date of the entry of such ruling. Service of process in such proceedings may be had upon the Secretary by delivering to him a copy of the bill of complaint. If the court determines that such ruling is not in accordance with law, it shall remand such proceedings to the Secretary with directions either (1) to make such ruling as the court shall determine to be in accordance with law, or (2) to take such further proceedings as, in its opinion, the law requires. The pendency of proceedings instituted pursuant to this subsection (15) shall not impede, hinder, or delay the United States or the Secretary of Agriculture from obtaining relief pursuant to section 608a(6) of this title. Any proceedings brought pursuant to section 608a(6) of this title (except where brought by way of counterclaim in proceedings instituted pursuant to this subsection (15)) shall abate whenever a final decree has been rendered in proceedings between the same parties, and covering the same subject matter, instituted pursuant to this subsection (15).