**UNITED STATES of America, Plaintiff,**

v.

**DAYLIGHT DAIRY PRODUCTS, INC., Defendant.**

Civ. A. No. 84–0289–F.

United States District Court,
D. Massachusetts.

Oct. 30, 1986.

Henry L. Rigali, Asst. U.S. Atty., Springfield, Mass., (Kevin Neskus, of counsel), for plaintiff.

John J. Egan, Maurice M. Cahillane, Springfield, Mass., for defendant.

### MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

### I. INTRODUCTION

This is an action brought under Section 8a(6) of the Agricultural Marketing Agreement Act of 1937 ("Act"), 7 U.S.C. § 608a(6). The United States seeks enforcement of the provisions of the Federal Milk Marketing Order No. 1 ("Order No. 1"), 7 C.F.R. Part 1001, which regulates milk handling in the New England marketing area.[1]

This matter is presently before the Court upon the objection of defendant Daylight Dairy Products, Inc. ("Daylight Dairy") to the Magistrate's July 15, 1986 Report and Recommendation Regarding Plaintiff's Motion for Summary Judgment or, in the Alternative, for a Preliminary Mandatory In-

---

**1.** The Magistrate described the background and goals of the Act and Order No. 1. *See* Report and Recommendation 2–5.

junction. The Magistrate found that Daylight Dairy has "flagrantly violated" Order No. 1. He therefore recommended that this Court grant the government's motion for summary judgment in the amount of $1,128,586.70, and issue a permanent mandatory injunction requiring Daylight Dairy to remedy forthwith its previous failure to fully comply with Order No. 1 and prohibiting any future failure to comply.

This Court has made a *de novo* review of that portion of the Magistrate's Report and Recommendation to which Daylight Dairy has objected. 28 U.S.C. § 636(b)(1); Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts. For the reasons discussed below, the Court will accept the Magistrate's recommendations.

## II. REVIEW

### A.

The Magistrate found that Daylight Dairy had failed, as of November 13, 1985, to make the following payments required under Order No. 1:

| | |
|---|---|
| Producer's Settlement Fund | $576,580.21 |
| Administrative Expenses | 16,809.47 |
| Marketing Services | 219.61 |
| Payment to Agri-Mark, Inc. (§ 1001.9(d) milk) | 319,855.40 |
| Payment to Agri-Mark, Inc. (Plant milk) | 64,678.62 |
| Payment to Agri-Mark, Inc. (For milk received under § 1001.74(d)) | 86,958.44 |
| Payment to Cabot Farmers Cooperative Creamery Co., Inc. | 61,799.33 |
| Payment to National Dairy Promotion and Research Board | 629.85 |
| Payment to Commodity Credit Corporation | 1,055.77 |
| Total Unpaid | $1,128,586.70 |

Report and Recommendation 5–6.

The Magistrate also found that Daylight Dairy had failed to fully comply with Order No. 1's reporting requirements. *Id.* at 6.

**2.** Agri-Mark is a farmers' cooperative. The payments due to it represent monies owed to farmers for milk received. As the Magistrate noted, these payments amount to less than half of the total claimed due.

Daylight Dairy objects *only* to the Magistrate's finding that it failed to make payments to *Agri-Mark, Inc.*[2] as required under Order No. 1, 7 C.F.R. § 1001.74(d). Daylight Dairy argues, as it argued unsuccessfully in the proceedings below, that it satisfied its outstanding payment obligations to Agri-Mark by means of a secured, ten-year note it gave to Agri-Mark in February 1983. The government responds that Daylight Dairy has not exhausted its administrative remedies and therefore cannot challenge, in this enforcement action, the Market Administrator's interpretation of "payment" under Order No. 1. Even if the defendant's challenge is properly before this Court, the government continues, there is no reason to overturn the Market Administrator's historical interpretation of Order No. 1's payment provisions as requiring monthly *cash* payments.

### B.

This enforcement action is brought under section 8a(6) of the Act, 7 U.S.C. § 608a(6). Section 8a(6) provides that

[t]he several district courts of the United States are hereby vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating any order, regulation, or agreement heretofore or hereafter made or issued pursuant to this title, in any proceeding now pending or hereafter brought in said courts.

In *United States v. Ruzicka,* 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 (1946), the Supreme Court held that a milk handler[3] may not resist a claim against it made in an enforcement action brought under section 8a(6) unless it has previously exhausted its administrative remedies (including judicial review) set forth in section 8c(15) of the Act, 7 U.S.C. § 608c(15).[4] The Court reasoned:

**3.** "Handler" is defined at 7 C.F.R. § 1001.9. Daylight Dairy *does not dispute that it is a* handler subject to Order No. 1.

**4.** 7 U.S.C. § 608c(15) provides:

To be sure, Congress did not say in words that, in a proceeding under § 8a(6) to enforce an order, a handler may not question an obligation which flows from it. But meaning, though not explicitly stated in words, may be imbedded in a coherent scheme. And such we find to be the provisions taken in their entirety, as a means for attaining the purposes of the Act while at the same time protecting adequately the interests of individual handlers.

The procedure devised by Congress explicitly gave to an aggrieved handler an appropriate opportunity for the correction of errors or abuses by the agency charged with the intricate business of milk control. In addition, if the Secretary fails to make amends called for by law the handler may challenge the legality of the Secretary's ruling in court. Handlers are thus assured opportunity to establish claims of grievances while steps for the protection of the industry as a whole may go forward. Sections 8a(6) and 8c(15) thus form a complementary procedural scheme. Contrariwise, it would make for disharmony to extrapolate from these provisions of the statute the right to consider independently, in a proceeding by the Government for the enforcement of the Secretary's order, questions for which Congress explicitly

furnished the handler an expert forum for contest with ultimate review by a district court.

329 U.S. at 292, 67 S.Ct. at 209. *Ruzicka* remains viable. *E.g., Naval Orange Administrative Committee v. Exeter Orange Co., Inc.,* 722 F.2d 449 (9th Cir.1983); *United States v. Lamars Dairy, Inc.,* 500 F.2d 84 (7th Cir.1974). *See also Block v. Community Nutrition Institute,* 467 U.S. 340, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984) (holding that individual milk consumers may not obtain judicial review of milk market orders).

As stated above, Daylight Dairy's sole argument is that it satisfied its Order No. 1 payment obligation to Agri-Mark by means of a secured note. Daylight Dairy thus seeks either a judicial interpretation of 7 C.F.R. § 1001.74(d), or judicial review of the Market Administrator's interpretation of that provision. But in either case, the Act requires Daylight Dairy to exhaust its administrative remedies pursuant to section 8c(15). This Daylight Dairy has not done. Having failed to file a petition under section 8c(15), Daylight Dairy may not challenge the Market Administrator's interpretation of Order No. 1 in this enforcement proceeding. *Ruzicka, supra.* Therefore, the Court accepts the Magistrate's recommendation to allow the government's motion for summary judgment.[5]

(15) Petition by handler for modification of order; review of ruling by Secretary. (A) Any handler subject to an order may file a written petition with the Secretary of Agriculture, stating that any such order or any provision of any such order or any obligation imposed in connection therewith is not in accordance with law and praying for a modification thereof or to be exempted therefrom. He shall thereupon be given an opportunity for a hearing upon such petition, in accordance with regulations made by the Secretary of Agriculture, with the approval of the President. After such hearing, the Secretary shall make a ruling upon the prayer of such petition which shall be final, if in accordance with law.
(B) The District Courts of the United States ... are hereby vested with jurisdiction in equity to review such ruling.... If the court determines that such ruling is not in accordance with law, it shall remand such proceedings to the Secretary with directions either (1)

to make such ruling as the court shall determine to be in accordance with law, or (2) to take such further proceedings as, in its opinion, the law requires. The pendency of proceedings instituted pursuant to this subsection (15) shall not impede, hinder, or delay the United States or the Secretary of Agriculture from obtaining relief pursuant to section 8a(6) of this title [7 USCS § 608a(6)]. Any proceedings brought pursuant to section 8a(6) of this title [7 USCS § 608a(6)] (except where brought by way of counterclaim in proceedings instituted pursuant to this subsection (15)) shall abate whenever a final decree has been rendered in proceedings between the same parties, and covering the same subject matter, instituted pursuant to this subsection (15).

5. If the question was properly before this Court, I would most likely uphold the Market Administrator's interpretation of 7 C.F.R. § 1001.74(d) as requiring full *cash* payments at a time cer-

## III. CONCLUSION

For the reasons discussed above, the Court accepts the Magistrate's recommendation, and hereby ALLOWS the plaintiff's Motion for Summary Judgment in the amount of $1,128,586.70.[6] In addition, the Court permanently ORDERS Daylight Dairy, its officers, agents, employees, successors, assigns, and all persons in concert or participation with it, to comply fully with the provisions of the Agricultural Marketing Agreement Act and all provisions of Order No. 1 now in effect, and as they may be subsequently amended, and specifically to:

(a) promptly pay all additional obligations which have accrued during the pendency of this action, pursuant to the provisions of Order No. 1;

(b) promptly pay all future obligations when due, according to the provisions of Order No. 1;

(c) file all reports with the Market Administrator promptly and completely each month as required by Order No. 1; and

(d) make available to the Market Administrator, his agents and employees, all of its records and facilities as the Market Administrator finds necessary for verification of the information defendant is required to report to the Market Administrator.

The Court retains jurisdiction over this action for the purpose of entering such further orders and judgments as may be necessary in order to give full relief as provided herein.

It is So Ordered.

---

tain, for the reasons well stated by the Magistrate. *See* Report and Recommendation 7–8.

**6.** The Market Administrator shall credit Daylight Dairy's unpaid obligation to Agri-Mark with all payments made on the secured note.